## CIVIL CASE MANAGEMENT PLAN

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| ROBERT TOMASSINI, on behalf of himself and others similarly situated, | : | Case No. 3:14-cv-01226-MAD-DEP |
| | : | |
| Plaintiff, | : | Hon. Mae A. D'Agostino |
| | : | United States District Judge |
| vs. | : | |
| | : | |
| CHRYSLER GROUP LLC (n/k/a FCA US LLC), | : | |
| | : | |
| Defendant. | : | |

**IT IS HEREBY ORDERED that,** Pursuant to Rule 16(b), Federal Rules of Civil Procedure, a status and scheduling conference will be held in this case before the Honorable DAVID E. PEEBLES, United States Magistrate Judge on **August 7, 2014, at 10:30 AM** at the United States Courthouse, at 15 Henry Street, Binghamton, New York.

Counsel for all parties or individuals appearing pro se in the above-captioned action are directed to confer in accordance with Fed. R. Civ. P. 26(f) with respect to all of the agenda items listed below, no later than **twenty-one (21)** days before the scheduled Rule 16 Conference. Following that Rule 26(f) meeting, a report of the results of the conference, in the format set forth below, must be filed with the clerk no later than **seven (7) days** prior to the scheduled Rule 16 conference with the Court. Matters which the Court will discuss at the status conference will include the following: (insert a separate subparagraph as necessary if parties disagree):

1)      **JOINDER OF PARTIES:** Any application to join any person as a party to this action shall be made on or before **September 21, 2015.**

2)      **AMENDMENT OF PLEADINGS:** Any application to amend the pleadings to this action shall be made on or before **September 21, 2015.**

3)      **DISCOVERY:** All discovery in this action shall be completed on or before **see below.** (Discovery time table is to be based on the complexity of the action)

The parties propose that discovery focusing on class certification issues be completed on or before **April 8, 2016**, which would be followed by a class certification briefing schedule as set forth in Paragraph 15. The parties also propose a period for discovery focused on the merits of Plaintiff's claim after class certification is decided. The parties anticipate that some discovery regarding class certification will address merits issues, but

that additional merits discovery will be necessary depending on the Court's ruling on Class Certification.

**4)     MOTIONS:** All motions, including discovery motions, shall be made on or before **see below**. (Non-Dispositive motions including discovery motions may only be brought after the parties have complied with Section IX of General Order #25)

The parties propose that the Court not set a final motion date at this time, but that it set a date for the filing of a Class Certification Motion. The parties propose that such a motion be filed on or before May 6, 2016.

**5)     PROPOSED DATE FOR THE COMMENCEMENT OF TRIAL:** The action will be ready to proceed to trial on or before **February 6, 2017**. It is anticipated that the trial will take approximately **10** days to complete. The parties request that the trial be held in **Binghamton, N.Y.** (The proposed date for the commencement of trial must be within 18 months of the filing date).

**6)     HAVE THE PARTIES FILED A JURY DEMAND:   X   (YES) / _____(NO).**

**7)     DOES THE COURT HAVE SUBJECT MATTER JURISDICTION?  Yes.**
**ARE THE PARTIES SUBJECT TO THE COURT'S JURISDICTION?  Yes.**
**HAVE ALL PARTIES BEEN SERVED?  Yes.**

**8)     WHAT ARE THE FACTUAL AND LEGAL BASES FOR PLAINTIFF'S CLAIMS AND DEFENDANT'S DEFENSES (INCLUDE COUNTERCLAIMS & CROSSCLAIMS, IF APPLICABLE)?**

**Plaintiff's Statement:**  Plaintiff brings claims alleging violations of New York General Business Law ("N.Y.G.B.L.") § 349 and breach of express warranty related to Defendant's use of metal alloy valve stems within the tire pressure monitoring system ("TPMS") on certain minivans. Plaintiff alleges that Defendant failed to disclose a known defect in the metal valve stems of the TPMS to potential and actual purchasers of its vehicles, along with other conduct directed at Defendant's minivan customers.

**Defendant's Statement:**  As a result of the Court's June 23, 2015 Memorandum-Decision And Order on FCA US's Motion to Dismiss, Plaintiff's sole remaining claim is that FCA US violated New York's Unlawful and Deceptive Practices Act, N.Y.G.B.L. § 349, by an alleged failure to disclose that the valve stems on his model-year 2010 Chrysler Town & Country vehicle, which he purchased used in 2012, suffer from a corrosion defect. Plaintiff brings this claim on behalf of a class of residents of the State of New York who purchased and/or leased model-years 2009 through 2011 Chrysler Town and Country and Dodge Caravan vehicles manufactured after June 10, 2009.

FCA US denies the premises of Plaintiff's claim including that his vehicle suffers from a defect, that it had knowledge of an alleged defect, that it owed Plaintiff a duty to disclose, and that Plaintiff was injured by any failure to disclose. Furthermore, even if Plaintiff were able to prove some viable claim, this case is improper for class treatment.

**9)   WHAT FACTUAL AND LEGAL ISSUES ARE GENUINELY IN DISPUTE?**

**Plaintiff's Statement**: At this point, all factual and legal issues discussed above are in dispute.

**Defendant's Statement:** FCA US disputes that Plaintiff's vehicle suffers from a valve stem defect, that it had knowledge of the supposed defect, that it owed Plaintiff a duty to disclose and that Plaintiff has suffered any compensable damages. FCA US also disputes that this case is appropriate for class treatment.

**10)   CAN THE ISSUES IN LITIGATION BE NARROWED BY AGREEMENT OR BY MOTIONS? ARE THERE DISPOSITIVE OR PARTIALLY DISPOSITIVE ISSUES APPROPRIATE FOR DECISION ON MOTION?**

**Plaintiff's Statement:** Plaintiff anticipate resolution by jury trial while the Defendant expects that some or all of Plaintiff's claims will be resolved by future motions.

**Defendant's Statement:** FCA US anticipates that it will file a motion for summary judgment prior to class certification if Plaintiff's own admissions and the evidence support such a filing.

**11)   WHAT SPECIFIC RELIEF DO THE PARTIES SEEK? WHAT ARE THE DAMAGES SOUGHT?**

**Plaintiff's Statement:** The Plaintiff seeks the certification of a damages class under Fed. R. Civ. Proc. 23(b)(3), and the certification of a class for purposes of injunctive relief under Fed. R. Civ. Proc. 23(b)(2). Plaintiff also seeks relief pursuant to NY GBL section 349, including monetary damages, injunctive relief, and punitive damages. Defendant seek dismissal of all claims.

**Defendant's Statement:** FCA US is not seeking any damages in this case.

**12) DISCOVERY PLAN:**

    **A.   Mandatory Disclosures**

The parties will exchange the mandatory disclosures required under Rule 26(a)(1) at least seven (7) days prior to the date of the Rule 16 conference, unless they have obtained prior approval from the assigned Magistrate Judge to extend that deadline.

**B.      Subjects of Disclosure**

The parties anticipate that discovery will be needed to address the following subjects:

**Plaintiff's Anticipated Discovery**

The facts surrounding the events in question, witnesses, and any other relevant information.

The Plaintiff proposes that discovery be conducted in phases.  The parties agree that the first phase of discovery should focus on Rule 23 class certification issues, although the exploration of merits issues will certainly be required as well.  Prior to or upon the close of this period, the Plaintiff anticipates making a motion for Rule 23 class certification.

If class certification is granted, then the second phase will focus on the merits of the claims, on Defendant's defenses, and on damages issues.

**Defendant's Anticipated Discovery**

FCA US will seek discovery from Plaintiff related to the factual bases for his claims, including, his vehicle purchase, use, experience, complaints, relevant contacts, knowledge of the alleged defect, damages, and his adequacy to be a class representative. FCA US anticipates propounding written discovery on Plaintiff, taking depositions of the Plaintiff and Plaintiff's experts, conducting an inspection of Plaintiff's vehicle, and subpoenaing records from third parties who sold, serviced and/or inspected Plaintiff's vehicle.


**C.      Discovery Sequence**

Describe the parties' understanding regarding the timing of the discovery, and state whether it is anticipated that discovery will be phased to address different issues in stages.

As set forth in Paragraph 3, *supra*, the parties propose that discovery be phased such that there is an initial period of discovery to focus on class certification issues, followed by a period of discovery focused on the merits of Plaintiff's claim, which would occur after class certification is decided.


**D.      Written Discovery**

Describe the written discovery demands which the parties contemplate serving under Rules 33, 34 and 36, including when they will be promulgated, the areas to be covered,

and whether there is any need for any party to exceed the number of interrogatories permitted under Rule 33.

The parties will serve written discovery demands no later than 30 days after the status and scheduling conference.  The parties agree that the presumptive limit on the number of interrogatories in Rule 33 should apply.

**Plaintiff's Anticipated Written Discovery**

The Plaintiff will serve appropriate demands for the production of documents, as well as interrogatories and notices to admit.

**Defendant's Anticipated Written Discovery**

FCA US will seek discovery from Plaintiff under Rules 33, 34, and possibly Rule 36, related to his vehicle purchase, use, experience, complaints, relevant contacts, knowledge of the alleged defect, alleged damages, and his adequacy to be a class representative. FCA US will also subpoena records, under Rule 45, from third parties who sold, serviced and/or inspected Plaintiff's vehicle.   The timing of such subpoenas is dependent on receipt of Plaintiff's responses to written discovery identifying all servicing entities.

E.      **Depositions**

Set forth the parties' expectations regarding depositions, including the approximate number to be taken, their location, a general description of the deponents, and an indication of whether any non-party fact depositions are anticipated.

The parties agree that the presumptive limits on the number of depositions and the time limit for depositions in Rule 30 should apply.

**Plaintiff's Anticipated Depositions**

The Plaintiff intends to take depositions of the parties and witnesses at the offices of one or more of the attorneys for the parties, or the location where the parties or witnesses reside. The Plaintiff will also, at the appropriate time, take a Rule 30(b)(6) deposition from the Defendant.  Plaintiff anticipates that approximately 10 depositions will be conducted.

**Defendant's Anticipated Depositions**

FCA US plans to take depositions of the Plaintiff and Plaintiff's experts, and may take depositions of third parties who sold, serviced and/or inspected Plaintiff's vehicle.

F.       **Experts**

Set forth the parties' expectations regarding the retention of experts, and identify any particular issues to be addressed by the court concerning the retention and exchange of the information regarding experts, including whether the parties seek a variance from the expert disclosure requirements of the form uniform pretrial scheduling order typically issued by the court (i.e., initial expert disclosure at least ninety days, responsive expert disclosures at least forty-five days, and rebuttal reports due at least thirty days, before the close of discovery).

**Class Certification Experts**

The parties propose that any expert reports that the Plaintiff intends to rely upon at the class certification stage shall be disclosed ninety (90) days prior to the deadline for filing the motion for class certification, and that any expert reports that the Defendant intends to rely upon in opposing class certification shall be disclosed forty-five (45) days prior to the deadline for filing the motion for class certification. The parties further propose that all expert discovery relating to class certification be completed fourteen (14) days prior to the deadline for filing the motion for class certification.

**Merits Experts**

The parties further propose that for merits experts, the "uniform pretrial scheduling order" typical requirements should apply (*i.e.*, initial expert disclosure at least ninety days, responsive expert disclosures at least forty-five days, and rebuttal reports due at least thirty days, before the close of merits discovery).

G.       **Electronic Discovery**

Set forth the parties' understanding and expectations regarding discovery of electronically stored information.  This description should include any agreements reached with respect to the retention of electronically stored information and the manner in which it will be produced, if requested.  The parties should also identify any agreements regarding the manner in which electronically stored information subject to claims of privilege or work product protection will be handled, and whether a court order will be requested, either on stipulation or otherwise, to address this issue.  If an agreement has been reached on the entry of such an order, provide a brief description of the provisions which will be included in a proposed order.

**Statement of Plaintiff**

The Plaintiff requests that, subject to valid objections asserted in response to discovery requests, for all discovery requests for which electronically stored information is available and responsive to a request, the responding party shall either: (1) provide a physical document of the requested information in the form or manner permitted for printing by the applicable software application containing the information; or (2) provide

- 6 -

the information in a commonly used electronic format or other agreed upon electronic format.  The Plaintiff proposes that upon request, the responding party shall produce the native electronic file from which the responding party had obtained and produced physical documents or electronic files in a non-native format.  The Plaintiff will have a range of requests for electronic documents to the Defendant, including electronic mail about the defect in question.  The Plaintiff will meet and confer with Defendant regarding the range of documents to be preserved and associated systems, formats in which structured ESI will be produced, the cost of production, and the appropriate custodians of ESI to work jointly to develop relevant and efficient search terms and phases.

**Statement of Defendant**

At a mutually agreeable time, FCA US will meet-and-confer with Plaintiff regarding its computer systems and databases, and how potentially relevant electronic information is stored and can be queried.  At this time FCA US does not anticipate that Plaintiff will seek ESI that is not "reasonably accessible."  FCA US anticipates that the parties will be able to work together regarding the production of ESI, and amicably resolve any issues that arise.  FCA US reserves its rights to request that Plaintiff share the costs of discovery, including the costs of discovery related to ESI, as appropriate.

**H.      Protective Orders**

If the parties anticipate requesting a protective order from the court pursuant to Rule 26(c), describe the basis for the request and nature of the proposed protective order.

The parties will request that the Court enter a Protective Order to limit the disclosure and protect against the misuse of documents that contain trade secrets or other confidential research and development, financial, or commercial information, or personal information regarding individuals.  The parties will work together in an attempt to draft a mutually agreeable Protective Order to submit to the Court for its approval.

**I.      Anticipated Issues Requiring Court Intervention**

Provide a brief description of any discovery related issues which, the parties reasonably anticipate, may require court intervention.

None at this time.

**13)     IS IT POSSIBLE TO REDUCE THE LENGTH OF TRIAL BY STIPULATIONS, USE OF SUMMARIES OR STATEMENTS, OR OTHER EXPEDITED MEANS OF PRESENTING EVIDENCE? IS IT FEASIBLE AND DESIRABLE TO BIFURCATE ISSUES FOR TRIAL?**

The parties are currently unaware of any means to shorten the length of trial.  At this time, the parties do not believe that it is feasible or desirable to bifurcate any issues for trail.

**14)   ARE THERE RELATED CASES PENDING BEFORE THE JUDGES OF THIS COURT?**

No.

**15)   IN CLASS ACTIONS, WHEN AND HOW WILL THE CLASS BE CERTIFIED?**

The parties propose the following briefing schedule:

Plaintiff's Opening Brief and Evidence to be filed by **May 6, 2016**

Defendant's Opposition Brief and Evidence to be filed by **June 20, 2016**

Plaintiff's Reply Brief to be filed by **July 20, 2016**

As stated previously, the parties request that the Court initially set a deadline for class certification discovery, and then address a merits discovery cut off following the Court's decision on class certification.

**16)   WHAT ARE THE PROSPECTS FOR SETTLEMENT? Please circle below the prospect for settlement:**

       1     2     3     4     5     6     7     8     9     10
(VERY UNLIKELY)                            (LIKELY)

CANNOT BE EVALUATED PRIOR TO **a decision on class certification.**

HOW CAN SETTLEMENT EFFORTS BE ASSISTED?   (Do not indicate any monetary amounts at this time, settlement will be explored by the Magistrate Judge at the time of the initial status conference)

***COMPLETE QUESTION 17 ONLY IF YOUR FILING ORDER COVER SHEET WAS CHECKED AS AN ADR TRACK CASE - Subject to Mandatory Mediation under General Order #47.***

**17)   IF YOUR CASE WAS SELECTED AS A QUALIFYING MANDATORY MEDIATION CASE, CONFIRM THAT YOU HAVE:**

A.     Reviewed General Order #47? **YES** / NO

B.      Reviewed the List of Court Approved Mediators available on the NDNY website? **YES** / NO

C.      Prepared to discuss with the Court, at the conference, whether your case should be opted out of the program?     **YES** / NO

D.      Discussed the time frame needed to complete Mandatory Mediation? **YES** / NO

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Pursuant to Fed. R. Civ. P. 26(f) a meeting was held on July 21, 2015 at 3:00 p.m. and was attended by: Elmer Robert Keach, III, Nicholas Migliaccio and Gary Graifman for Plaintiff Robert Tomassini and Stephen A. D'Aunoy for Defendant FCA US LLC.

At the Rule 16(b) conference, the Court will issue an order directing the future proceedings in this action.  The parties are advised that failure to comply with this order may result in the imposition of sanctions pursuant to Federal Rules of Civil Procedure 16(f).

**Please detach this case management plan form and file electronically with the clerk no later than seven (7) days in advance of the conference date.**