**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**ROBERT TOMASSINI,** *on behalf of himself and all others similarly situated*,

                        **Plaintiff,**

    vs.                                        **3:14-cv-1226**
                                                      **(MAD/DEP)**

**FCA US LLC,**

                          **Defendant.**
_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **LAW OFFICES OF ELMER ROBERT KEACH III, P.C.**<br>One Pine West Plaza<br>Suite 109<br>Albany, New York 12205<br>Attorneys for Plaintiff | **ELMER ROBERT KEACH III, ESQ.** |
| **PARKER WAICHMAN LLP**<br>27300 Riverview Center Boulevard<br>Suite 103<br>Naples, Florida 34134<br>Attorneys for Plaintiff | **JORDAN L. CHAIKIN, ESQ.**<br>**DANIEL C. CALVERT, ESQ.** |
| **MIGLIACCIO & RATHOD LLP**<br>412 H Street Northeast<br>Washington, District of Columbia 20002<br>Attorneys for Plaintiff | **JASON S. RATHOD, ESQ.**<br>**NICHOLAS A. MIGLIACCIO, ESQ.** |
| **WHITFIELD BRYSON & MASON, LLP**<br>1625 Massachusetts Ave., NW, Suite 605<br>Washington, District of Columbia 20036<br>Attorneys for Plaintiff | **GARY E. MASON, ESQ.**<br>**JENNIFER S. GOLDSTEIN, ESQ.** |
| **KANTROWITZ, GOLDHAMMER & GRAIFMAN, P.C.**<br>747 Chestnut Ridge Road, Suite 200<br>Chestnut Ridge, New York 10977<br>Attorneys for Plaintiff | **GARY S. GRAIFMAN, ESQ.**<br>**JAY I. BRODY, ESQ.** |
| **POPE, SCHRADER & POPE, LLP**<br>2 Court Street, 4th Floor | **ALAN J. POPE, ESQ.** |

P.O. Box 510
Binghamton, New York 13902
Attorneys for Defendant

| | |
|---|---|
| **THOMPSON COBURN LLP** | **SHARON B. ROSENBERG, ESQ.** |
| One US Bank Plaza | **KATHY A. WISNIEWSKI, ESQ.** |
| St. Louis, Missouri 63101 | **STEPHEN A. D'AUNOY, ESQ.** |
| Attorneys for Defendant | **SUSAN L. WERSTAK, ESQ.** |

**Mae A. D'Agostino, U.S. District Judge:**

### ORDER

Plaintiff commenced this putative class action on September 8, 2014.  *See* Dkt. No. 1-1 at 2-32 ("Complaint").  After motions to dismiss and for summary judgment, the surviving cause of action is for violating New York General Business Law § 349 ("Section 349").  *See id.*  Presently before the Court are Defendant FCA US, LLC's ("Chrysler") motion to deny class certification and motion for reconsideration.  *See* Dkt. Nos. 173, 211.  For the following reasons, the motion to deny class certification is denied, and the motion for reconsideration is stricken.

The parties have drawn out this litigation by flooding the Court with motions and voluminous accompanying exhibits.  Chrysler filed the present motion to deny class certification only two days before Plaintiff was set to file his motion for class certification.  *See* Dkt. Nos. 172, 173.  Chrysler's motion primarily addresses the statute of limitations for claims under Section 349, and the impact of statute of limitations issues on Plaintiff's ability to establish the class certification elements required under Rule 23(a) of the Federal Rules of Civil Procedure.  *See Mazzanti v. Gen. Elec. Co.*, No. 13-CV-1799, 2017 WL 923905, *3 (D. Conn. Mar. 7, 2017) ("To receive class certification, plaintiffs must first satisfy the four elements of Rule 23(a): (1) Numerosity, (2) commonality, (3) typicality, and (4) the adequacy of representation").

Plaintiff has now separately filed a motion for class certification, which also addresses the requirements for class certification under Rule 23.  *See* Dkt. No. 194.  Therefore, there are now

two pending motions that deal with the same issues and seek to resolve the same question: should the Court certify a class in this case? Rather than deciding these motions separately, the Court will construe Chrysler's motion to deny class certification as a supplemental opposition to Plaintiff's motion for class certification. All arguments raised in the Defendant's motion to deny class certification, Plaintiff's opposition to that motion, and Defendant's reply will be considered in deciding Plaintiff's motion for class certification.

Defendant has also filed a motion to reconsider the Court's March 8, 2018 Text Order. *See* Dkt. No. 211. That motion is stricken. As the Court noted in the March 8, 2018 Text Order, neither party may file any further motions until the Court has rendered a decision on Plaintiff's motion for class certification. *See* Dkt. No. 210. The Court does, however, make one exception: Defendant may file a single motion to exclude expert testimony. That motion should be filed on or before April 13, 2018. Plaintiff may respond to the motion to exclude expert testimony on or before April 30, 2018. No sur-reply will be allowed.

The Court will hear oral argument on the motion for class certification, Defendant's supplemental opposition to the motion for class certification, and Defendant's motion to exclude expert testimony at 11:00 AM on Wednesday, May 16, 2018. There will be no adjournment of the oral argument date.

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Defendant's motion to deny class certification (Dkt. No. 173) is **DENIED** and construed as a supplemental opposition to Plaintiff's motion for class certification (Dkt. No. 194); and the Court further

3

**ORDERS** that Defendant's motion for reconsideration (Dkt. No. 211) is **STRICKEN**; and the Court further

**ORDERS** that Defendant may file a single motion to exclude expert testimony on or before April 13, 2018, and Plaintiff may respond on or before April 30, 2018; and the Court further

**ORDERS** that the Court will hear oral argument at 11:00 AM on Wednesday, May 16, 2018; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: March 14, 2018
       Albany, New York

_Mae A. D'Agostino_
U.S. District Judge