**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

**ROBERT TOMASSINI, on behalf of
himself and others similarly situated,**

                          **Plaintiff,**

   vs.                                    **3:14-cv-1226
(MAD/DEP)**

**FCA US LLC,**

                          **Defendant.**

---

**APPEARANCES:**                             **OF COUNSEL:**

**LAW OFFICES OF ELMER**            **ELMER ROBERT KEACH, III, ESQ.**
**ROBERT KEACH III, P.C.**
One Pine West Plaza
Suite 109
Albany, New York 12205
Attorneys for Plaintiff

**PARKER WAICHMAN LLP**              **JORDAN L. CHAIKIN, ESQ.**
27300 Riverview Center Boulevard       **DANIEL C. CALVERT, ESQ.**
Suite 103
Naples, Florida 34134
Attorneys for Plaintiff

**MIGLIACCIO & RATHOD LLP**          **JASON S. RATHOD, ESQ.**
412 H Street Northeast                   **NICHOLAS A. MIGLIACCIO, ESQ.**
Washington, District of Columbia 20002
Attorneys for Plaintiff

**WHITFIELD BRYSON &**                **GARY E. MASON, ESQ.**
**MASON, LLP**                                 **JENNIFER S. GOLDSTEIN, ESQ.**
1625 Massachusetts Ave., NW, Suite 605
Washington, District of Columbia 20036
Attorneys for Plaintiff

**KANTROWITZ, GOLDHAMMER &**      **GARY S. GRAIFMAN, ESQ.**
**GRAIFMAN, P.C.**                       **JAY I. BRODY, ESQ.**
747 Chestnut Ridge Road, Suite 200
Chestnut Ridge, New York 10977
Attorneys for Plaintiff

**POPE, SCHRADER & POPE, LLP**        **ALAN J. POPE, ESQ.**

2 Court Street, 4th Floor
P.O. Box 510
Binghamton, New York 13902
Attorneys for Defendant

**THOMPSON COBURN LLP**             **SHARON B. ROSENBERG, ESQ.**
One US Bank Plaza                   **KATHY A. WISNIEWSKI, ESQ.**
St. Louis, Missouri 63101           **STEPHEN A. D'AUNOY, ESQ.**
Attorneys for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

On September 8, 2014, Plaintiff Robert Tomassini commenced this putative class action in state court, and Defendant FCA US LLC ("Chrysler") removed to the Northern District of New York on October 8, 2014. *See* Dkt. No. 1. On August 6, 2018, this Court denied Plaintiff's motion for class certification and denied its evidentiary motion as moot. *See* Dkt. No. 228. Plaintiff filed the instant motion for reconsideration on August 20, 2018. *See* Dkt. No. 230. In the alternative, Proposed Intervenor Thomas Hromowyk moves to intervene and amend the complaint.[1] For the reasons set forth below, the motion for reconsideration is denied.

### II. BACKGROUND

The Court assumes the parties' familiarity with the background of this case and otherwise adopts its previous rendition of the facts contained in the Memorandum-Decision and Order entered August 6, 2018. *See* Dkt. No. 228.

### III. DISCUSSION

Local Rule 7.1(g) provides as follows, in pertinent part:

---

[1] The Court will address the alternative relief in a separate Memorandum-Decision and Order.

2

> Motion for Reconsideration. Unless Fed. R. Civ. P. 60 otherwise governs, a party may file and serve a motion for reconsideration or reargument no later than FOURTEEN DAYS after the entry of the challenged judgment, order, or decree.

N.D.N.Y. L.R. 7.1(g).

The standards for motions for reconsideration under local district court rules are very similar to those used for motions to reconsider under Rule 60(b). *See McAnaney v. Astoria Fin. Corp.*, No. 04-cv-1101, 2008 WL 222524, *3 (E.D.N.Y. Jan. 25, 2008) (discussing standards). "'In order to prevail on a motion for reconsideration, the movant must satisfy stringent requirements.'" *Id.* (quoting *C-TC 9th Ave. P'ship v. Norton Co.*, 182 B.R. 1, 2 (N.D.N.Y. 1995)). As under the federal rules, the local rule "'recognizes only three possible grounds upon which motions for reconsideration may be granted; they are (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice.'" *Maye v. New York*, No. 1:10-cv-1260, 2011 WL 4566290, *2, n.6 (N.D.N.Y. Sept. 29, 2011) (quoting *In re C-TC 9th Ave. P'ship*, 182 B.R. at 3); *see also Delaney v. Selsky*, 899 F. Supp. 923, 925 (N.D.N.Y. 1995). A motion for reconsideration is not "an opportunity for a losing party to advance new arguments to supplant those that failed in the prior briefing of the issue." *Drapkin v. Mafco Consol. Group*, 818 F. Supp. 2d 678, 697 (S.D.N.Y. 2011) (quotation and citations omitted).

"[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Relief under Rule 60 is considered "extraordinary judicial relief[.]" *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986). For that reason, the motion will generally be denied unless the moving party can show that the court overlooked facts or controlling law that "might reasonably be expected to alter the conclusion reached by the court." *Shrader*, 70 F.3d at 257 (citations

3

omitted). The Second Circuit has warned "that a Rule 60 motion 'may not be used as a substitute for appeal' and that a claim based on legal error alone is 'inadequate.'" *United Airlines, Inc. v. Brien*, 588 F.3d 158, 176 (2d Cir. 2009) (quotation and other citation omitted).

Plaintiffs argues that the Court committed "clear error" in its decision to deny class certification. Specifically, Plaintiff argues that denial of class certification because a small portion of the proposed class members do not have standing is not consistent with *Denny v. Deutsche Bank AG*, 443 F.3d 253, 263 (2d Cir. 2006). Plaintiff has marshaled neither new law nor new facts in support of their motion for reconsideration. The Court does not find its application of *Denny* to be a clear error of law. To the extent that Plaintiff believes that *Denny* conflicts with the law of other circuits, it is not within the purview of this Court to resolve such issues.

## IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiff's motion for reconsideration is **DENIED**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: November 8, 2018
       Albany, New York

Mae A. D'Agostino
U.S. District Judge