**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

**ROBERT TOMASSINI, on behalf of
himself and others similarly situated,**

                        **Plaintiff,**

  vs.                                               **3:14-cv-1226
(MAD/DEP)**

**FCA US LLC,**

                        **Defendant.**

---

**APPEARANCES:**                          **OF COUNSEL:**

**LAW OFFICES OF ELMER**         **ELMER ROBERT KEACH, III, ESQ.**
**ROBERT KEACH III, P.C.**
One Pine West Plaza
Suite 109
Albany, New York 12205
Attorneys for Plaintiff

**PARKER WAICHMAN LLP**           **JORDAN L. CHAIKIN, ESQ.**
27300 Riverview Center Boulevard    **DANIEL C. CALVERT, ESQ.**
Suite 103
Naples, Florida 34134
Attorneys for Plaintiff

**MIGLIACCIO & RATHOD LLP**        **JASON S. RATHOD, ESQ.**
412 H Street Northeast                **NICHOLAS A. MIGLIACCIO, ESQ.**
Washington, District of Columbia 20002
Attorneys for Plaintiff

**WHITFIELD BRYSON &**            **GARY E. MASON, ESQ.**
**MASON, LLP**                          **JENNIFER S. GOLDSTEIN, ESQ.**
1625 Massachusetts Ave., NW, Suite 605
Washington, District of Columbia 20036
Attorneys for Plaintiff

**KANTROWITZ, GOLDHAMMER &**    **GARY S. GRAIFMAN, ESQ.**
**GRAIFMAN, P.C.**                     **JAY I. BRODY, ESQ.**
747 Chestnut Ridge Road, Suite 200
Chestnut Ridge, New York 10977
Attorneys for Plaintiff

**POPE, SCHRADER & POPE, LLP**     **ALAN J. POPE, ESQ.**

2 Court Street, 4th Floor
P.O. Box 510
Binghamton, New York 13902
Attorneys for Defendant

**THOMPSON COBURN LLP**     **SHARON B. ROSENBERG, ESQ.**
One US Bank Plaza     **KATHY A. WISNIEWSKI, ESQ.**
St. Louis, Missouri 63101     **STEPHEN A. D'AUNOY, ESQ.**
Attorneys for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

On November 8, 2018, the Court issued a Memorandum-Decision and Order on the Plaintiff's motion for reconsideration and indicated that the motions for intervention and leave to amend the complaint would be ruled on separately. *See* Dkt. Nos. 230, 237. The Court now considers those motions. As set forth below, the motion for intervention is granted, and leave to amend the complaint is granted.

### II. BACKGROUND

The Court assumes the parties' familiarity with the background of this case and otherwise adopts its previous rendition of the facts contained in the Memorandum-Decision and Order entered August 6, 2018. *See* Dkt. No. 228.

*Spratley v. FCA US, LLC*, No. 16-cv-00062, is a related case in this Court, which was stayed pending the Courts decision on class certification in this case. Following the Court's ruling on the motion for class certification, Proposed Intervenor Thomas Hromowyk, the sole remaining plaintiff in *Spratley*, seeks to intervene in this case.

### III. DISCUSSION

"In order to intervene as of right pursuant to Rule 24(a)(2), the applicant must: (1) file a timely motion; (2) show an interest in the litigation; (3) show that its interest may be impaired by the disposition of the action; and (4) show that its interest is not adequately protected by the parties to the action." *In re Holocaust Victim Asset Litigation*, 255 F.3d 191, 198 (2d Cir. 2000) (citing *Catanzano v. Wing*, 103 F.3d 223, 232 (2d Cir. 1996)). Each of these requirements must be met in order to succeed on a motion to intervene. *See id.*

"A district court may grant a motion for permissive intervention if the application is timely and if the 'applicant's claim or defense and the main action have a question of law or fact in common.'" *See id.* "The court must consider whether granting permissive intervention 'will unduly delay or prejudice the adjudication of the rights' of the existing parties." *Id*.

The Court finds that the proposed intervenor may intervene as of right in this case. On the issue of timeliness, Defendant contends that the fact that *Spratley* was commenced, at the time of submissions, roughly 1 ½ years ago renders the instant motion untimely. Defendant, here, argues that the untimeliness of intervention is underscored by the prejudice it would suffer should the motion be granted—namely, that they would need to conduct further discovery in light of the new party. On the contrary, while the Court is not imposing restrictions on the scope of discovery at this time, it expects that written discovery, any third-party discovery, and a vehicle inspection would take no more than a few months. The motion practice that may result because of the intervention—which Defendant argues prejudicially delays the resolution of this case—is simply a matter-of-course reality in litigation.

Further, the proposed intervenor clearly has an interest in this case, which would be impaired by the disposition of this case, and which are no longer protected by the parties to this action. Now that class certification has been denied, the proposed intervenor's interest would not

3

be protected in this action, and litigating these cases separately could result in piecemeal litigation and inconsistent judgments. *Spratley* was stayed by this Court pending a decision on the motion for class certification precisely because the two cases are closely related. Defendant, indeed, argued that *Spratley* should have been dismissed as being duplicative of this case. In addition to the proposed intervenor's interest in this case, it is in the interest of judicial economy to permit intervention and consolidate these actions. Because the proposed intervenor has met the requirements to intervene as a matter of right, and in any case having found no undue prejudice against Defendant, the Court grants the motion to allow Thomas Hromowyk to intervene in this action and for Plaintiffs to amend the pleadings accordingly.

## IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that the motion of Proposed Intervenor Thomas Hromowyk to intervene in this action is **GRANTED**; and the Court further

**ORDERS** that Plaintiffs may amend the Complaint only insofar as they assert the surviving claims from *Spratley v. FCA US, LLC*, No. 3:17-cv-00062, and the factual allegations pertinent to Thomas Hromowyk for the claims asserted in this action; and the Court further

**ORDERS** that pending a future order dismissing one of these actions, Civil No. 3:14-cv-1226 shall be designated as the Lead Case, and Civil No. 3:17-cv-00062 shall be designated as the Member Case; and the Court further

**ORDERS** that all further docketing shall take place in the Lead Case 3:14-cv-1226; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision

and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: December 12, 2018
      Albany, New York

```
Mae A. D'Agostino
U.S. District Judge
```