**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

**ROBERT TOMASSINI, on behalf of
himself and others similarly situated,**

                               **Plaintiff,**

   vs.                                            3:14-cv-1226
                                                          (MAD/DEP)

**FCA US LLC,**

                               **Defendant.**

---

| APPEARANCES: | OF COUNSEL: |
|---|---|
| **LAW OFFICES OF ELMER ROBERT KEACH III, P.C.**<br>1040 Riverfront Center<br>Albany, New York 12205<br>Attorneys for Plaintiff | **ELMER ROBERT KEACH, III, ESQ.** |
| **PARKER WAICHMAN LLP**<br>27300 Riverview Center Boulevard<br>Suite 103<br>Naples, Florida 34134<br>Attorneys for Plaintiff | **JORDAN L. CHAIKIN, ESQ.**<br>**DANIEL C. CALVERT, ESQ.** |
| **MIGLIACCIO & RATHOD LLP**<br>412 H Street Northeast<br>Washington, District of Columbia 20002<br>Attorneys for Plaintiff | **JASON S. RATHOD, ESQ.**<br>**NICHOLAS A. MIGLIACCIO, ESQ.** |
| **WHITFIELD BRYSON & MASON, LLP**<br>5101 Wisconsin Ave NW, Suite 305<br>Washington, District of Columbia 20016<br>Attorneys for Plaintiff | **GARY E. MASON, ESQ.** |
| **KANTROWITZ, GOLDHAMMER & GRAIFMAN, P.C.**<br>747 Chestnut Ridge Road, Suite 200<br>Chestnut Ridge, New York 10977<br>Attorneys for Plaintiff | **GARY S. GRAIFMAN, ESQ.**<br>**JAY I. BRODY, ESQ.** |
| **COUGHLIN & GERHART LLP** | **ALAN J. POPE, ESQ.** |

2 Court Street, 4th Floor
P.O. Box 510
Binghamton, New York 13902
Attorneys for Defendant

**THOMPSON COBURN LLP**  **SHARON B. ROSENBERG, ESQ.**
One US Bank Plaza   **KATHY A. WISNIEWSKI, ESQ.**
St. Louis, Missouri 63101  **STEPHEN A. D'AUNOY, ESQ.**
Attorneys for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

On September 8, 2014, Plaintiff Robert Tomassini commenced this putative class action in state court, and Defendant FCA US LLC removed to the Northern District of New York on October 8, 2014. *See* Dkt. No. 1. On August 6, 2018, this Court denied Plaintiff's motion for class certification and denied its evidentiary motion as moot. *See* Dkt. No. 228. The Court denied Defendant's motion for reconsideration on December 12, 2018, and in that Memorandum-Decision and Order granted Plaintiff Thomas Hromowyk's motion to intervene. *See* Dkt. No. 240. Plaintiffs filed their Amended Complaint on January 9, 2019, and Defendant moved to dismiss on February 13, 2019, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### II. BACKGROUND

The background of this case has not changed substantially since the Court's Memorandum-Decision and Order on the motion for reconsideration and intervention except for the addition of Hromowyk pursuant to that motion. Hromowyk is an original purchaser and current owner of a 2010 Dodge Caravan. *See* Dkt. No. 251 at 3. He experienced failure of the valve stems at issue in this litigation in August 2015 and February 2017. *Id*. Plaintiff Hromowyk filed his claims in the related (and now member to this case) *Spratley* matter in March 2017. *Id*.

2

He argues that he could not have learned of the defect at the time of purchase because of Defendant's lack of disclosure. *Id*. As the sole grounds for dismissal, Defendant argues that Hromowyk's claims are time barred. *See* Dkt. No. 250-1 at 3. Plaintiff Hromowyk argues that the statute of limitations should be tolled with respect to his claims and that his claims relate back to the original filing of this action by Plaintiff Tomassini.

### III. DISCUSSION

**A.    Standard of Review**

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the party's claim for relief. *See Patane v. Clark*, 508 F.3d 106, 111-12 (2d Cir. 2007) (citation omitted). In considering the legal sufficiency, a court must accept as true all well-pleaded facts in the pleading and draw all reasonable inferences in the pleader's favor. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (citation omitted). This presumption of truth, however, does not extend to legal conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Although a court's review of a motion to dismiss is generally limited to the facts presented in the pleading, the court may consider documents that are "integral" to that pleading, even if they are neither physically attached to, nor incorporated by reference into, the pleading. *See Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002)).

To survive a motion to dismiss, a party need only plead "a short and plain statement of the claim," *see* Fed. R. Civ. P. 8(a)(2), with sufficient factual "heft to 'sho[w] that the pleader is entitled to relief[,]'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (quotation omitted). Under this standard, the pleading's "[f]actual allegations must be enough to raise a right of relief

above the speculative level," *see id.* at 555 (citation omitted), and present claims that are "plausible on [their] face," *id.* at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting [*Twombly*, 550 U.S.] at 557, 127 S. Ct. 1955). Ultimately, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," *Twombly*, 550 U.S. at 558, or where a plaintiff has "not nudged [its] claims across the line from conceivable to plausible, the[ ] complaint must be dismissed[,]" *id.* at 570.

**B.     Relation Back**

Hromowyk's claims relate back to Plaintiff Tomassini's original complaint filed in 2014. *See* Dkt. No. 251 at 11. In particular, Plaintiff Hromowyk argues that his claims relate back to the initial complaint because they "arise out of the same nucleus of operative facts and are based upon identical transactions and occurrences as Tomassini's, namely, a purchase of a class vehicle during the time period and the subsequent costs of TPMS valve stem replacement arising from the same vehicle defects." *Id.* As a result, Plaintiff Hromowyk asserts, his interest to recover for Defendant's fraudulent business practices are "similar, if not identical, with the claims of Plaintiff Tomassini and the class he proposed to represent," and that Defendant was on notice of claims for defective TPMS valve stems and nuts. *See id.* at 11-12.

Under Rule 15(c) of the Federal Rules of Civil Procedure, "[a]n amendment to a pleading relates back to the date of the original pleading when" the claim in the amendment "arose out of the conduct, transaction, or occurrence set out . . . in the original pleading." Fed. R. Civ. P. 15(c). "Although the relation back doctrine is typically applied in the context of Rule 15, which

governs a party's amended pleadings, some courts have interpreted Rule 24 to 'provide that an intervenor's claim may relate back to the case's original complaint *for purposes of the statute of limitations*.'" *Chen-Oster v. Goldman, Sachs & Co.*, 251 F. Supp. 3d 579, 590 (S.D.N.Y. 2017) (emphasis in original) (quoting *ACORN v. County of Nassau*, 270 F.R.D. 123, 125-26 (E.D.N.Y. 2010)). District courts in other jurisdictions have also concluded that the relation-back doctrine applies in this context. *See, e.g.*, *Cummings v. U.S.*, 704 F.2d 437, 440-41 (9th Cir. 1983) (holding that intervenor insurance company's claim related back to the filing of the original complaint, even though the motion to intervene was filed after the expiration of the statute of limitations); *see also Wadsworth v. U.S. Postal Serv.*, 511 F.2d 64, 65-67 (7th Cir. 1975) (holding that an amendment to substitute an insurer related back to the filing of the original complaint).

A court may allow for relation back of an intervenor's claims when: "'(1) . . . there is a "community of interest" between proposed intervenor's and plaintiff's claims; (2) intervenor's motion is timely within the meaning of Rule 24; and (3) no prejudice to defendants would result.'" *ACORN*, 270 F.R.D. at 125-26 (quoting *New York v. Gutierrez*, No. 08-CV-2503, 2008 WL 5000493, *13 (E.D.N.Y. Nov. 20, 2008) (citing *Ross v. Patrusky, Mintz & Semel*, No. 90-CV-1356, 1997 WL 214957, *7-10 (S.D.N.Y. Apr. 29, 1997))).

Hromowyk's claims here relate back to the original complaint for purposes of the statute of limitations. First, there is a "community of interest" between Hromowyk's claims and Plaintiff Tomassini's claims because Plaintiff Hromowyk's claims arise from the same course of alleged deceptive conduct by Defendant, and his claims are based upon the same legal theories as those of the putative class. Hromowyk purchased a Chrysler-manufactured minivan and experienced the failure of valve stems at issue in the original complaint, *see* Dkt. No. 37 at ¶¶ 96-101, and Defendant's alleged failure to disclose a defect in the valve stems of certain Chrysler-

manufactured minivans violated GBL § 349, *see* Dkt. No. 37 at ¶¶ 123-34. Second, this Court has already determined that Hromowyk's intervention was timely under Rule 24 in its previous Memorandum-Decision and Order dated December 12, 2018. *See* Dkt. No. 240 at 4. Lastly, Defendant would not suffer undue prejudice because Defendant was on notice of the claims of unnamed class members like Hromowyk before intervention was granted because such claims are based on the same alleged deceptive conduct described in the original complaint and have been asserted on behalf of the putative class.

Because all three requirements are satisfied, the Court finds that Hromowyk's claims relate back to the original complaint and are not time barred by the applicable statute of limitations.

**C.     Tolling and Post-Sale Conduct**

In any event, even if the Court were not to find that Hromowyk's claims relate back to the original filing, the Court would be well-justified in tolling the statute of limitations for his claims. Hromowyk argues that the statute of limitations should be equitably tolled because Defendant's "fraudulent concealment of the defect operates to toll the statute of limitations." *See* Dkt. No. 251 at 5. Defendant argues that Hromowyk's claims are not saved because he was not induced by fraud to refrain from filing a timely action. *See* Dkt. No. 252 at 2.

"Equitable tolling applies as a matter of fairness where a party has been prevented in some extraordinary way from exercising his rights." *Iavorski v. I.N.S.*, 232 F.3d 124, 129 (2d Cir. 2000). District courts have discretion to apply such equitable tolling "as necessary to avoid inequitable circumstances." *Id*. Where a plaintiff seeks to equitably toll a statute of limitations on the basis of fraudulent concealment, the plaintiff must establish that "'(1) the defendant wrongfully concealed material facts relating to defendant's wrongdoing; (2) the concealment prevented plaintiff's 'discovery of the nature of the claim within the limitations period'; and (3)

plaintiff exercised due diligence in pursuing the discovery of the claim during the period plaintiff seeks to have tolled.'" *Koch v. Christie's Intern. PLC*, 699 F.3d 141, 157 (2d Cir. 2010) (citing *Corcoran v. N.Y. Power Auth.*, 202 F. 3d 530, 543 (2d Cir. 1999)) (internal citation omitted). However, "[b]ecause equitable tolling is often confused with fraudulent concealment, cases may be found holding that equitable tolling applies where the defendants have engaged in such concealment." *See Valdez ex rel. Donley v. United States*, 518 F.3d 173, 182-93 (2d Cir. 2008) (citing *Veltri v. Bldg. Serv. 32B-J Pension Fund*, 393 F.3d 318, 323 (2d Cir. 2004) ("The relevant question is not the intention underlying defendants' conduct, but rather whether a reasonable plaintiff in the circumstances would have been aware of the existence of a cause of action")) (further citation omitted).

Defendant argues that a statute of limitations cannot be tolled based on concealment that constitutes the same acts underlying a GBL § 349 claim. *See* Dkt. No. 252 at 6. Defendant points to two cases as supporting that argument. *See Gould v. Helen of Troy Ltd.*, No. 16 Civ. 2033, 2017 WL 1319810, *3 (S.D.N.Y. Mar. 30, 2017); *McLean-Laprade v. HSBC*, No. 7:12-CV-1774, 2013 WL 3930565 (N.D.N.Y. July 30, 2013). Defendant contends that the court in *Gould* rejected the tolling argument because the plaintiff in that case based his claim of tolling on concealment of the same information underlying his section 349 claim. *See* Dkt. No. 252 at 6. However, to the contrary, the court in *Gould* found that the plaintiff had failed to allege any *later* fraudulent misrepresentation made by the defendants or any facts establishing that the plaintiff engaged in due diligence to discover the claim. *See Gould*, 2017 WL 1319810 at *3. Similarly, in *McLean-Laprade*, the court found that where there was no further concealment beyond that giving rise to the claim, equitable tolling did not apply. *See McLean-Laprade*, 2013 WL 3930565 at *3.

7

Plaintiff Hromowyk's former co-plaintiffs in the *Spratley* matter, now proceeding in Delaware, recently received a favorable ruling on their motion to dismiss in the District of Delaware. *See Canfield v. FCA US LLC*, C.A. No. 17-1789(MN), 2019 WL 1089798, *6 (D. Del. Mar. 8, 2019). There, the district court noted that the plaintiffs had "alleged more than 'mere silence.'" *Id*. The district court found the following:

> They have alleged, for example, that Defendant's internal communications and reports indicated a 100 percent failure rate for TPMS valve stems within five years, that this information was concealed from consumers, that Defendant "continued to replace the defective valve stems with valve stems made of the same metal alloys that could not withstand corrosion in the first place," and that Defendant informed customers that "good stems should not be replaced" and "this is how the vehicle was designed, engineered and built."

This Court is likewise convinced that the same allegations here support tolling of the statute of limitations. Here, unlike the cases Defendant cites, there are indeed further allegations of continued concealment after the alleged injury—the purchase at an inflated price— occurred. This later affirmative concealment operates to toll the statute of limitations.

**D.     Post-Sale Conduct**

Defendant suggests that Hromowyk impermissibly asserts a claim of post-sale conduct based on "the same, prior, at time-of-sale omission about valve stem corrosion." *See* Dkt. No. 252 at 8. The Court already addressed this causation issue in a previous Memorandum-Decision and Order and will not unnecessarily revisit the issue here. The Court's previous Memorandum-Decision and Orders stand for exactly what they say: Plaintiff has alleged two theories of causation for the injuries asserted based on pre- and post-sale conduct—not two distinct claims as Plaintiffs suggest in their papers on this motion. *See* Dkt. No. 251 at 9.

**IV. CONCLUSION**

Upon careful review of the entire record in this matter, the parties' submissions and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Defendant's motion to dismiss is **DENIED**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: May 17, 2019
Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge