## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| ROBERT TOMASSINI, *et al.*, | : | Case No. 3:14-cv-01226-MAD-ML |
|  | : |  |
| Plaintiff, | : |  |
|  | : | Hon. Mae A. D'Agostino |
|  | : | United States District Judge |
| vs. | : |  |
|  | : |  |
| FCA US LLC, | : |  |
|  | : |  |
| Defendant. | : |  |
|  | : |  |
|  | : |  |
|  | : |  |

## FCA US LLC'S REPLY IN SUPPORT OF
## ITS MOTION FOR SUMMARY JUDGMENT ON
## PLAINTIFF THOMAS HROMOWYK'S INDIVIDUAL CLAIM

**COUGHLIN & GERHART, LLP**
Alan J. Pope, Esq.
apope@cglawoffices.com
Bar Roll No. 301508
99 Corporate Drive
Binghamton, New York 13904
(607) 723-9511
(607) 723-1530 (fax)

**THOMPSON COBURN LLP**
Kathy A. Wisniewski
kwisniewski@thompsoncoburn.com
Stephen D'Aunoy
sdaunoy@thompsoncoburn.com
Thomas L. Azar, Jr.
tazar@thompsoncoburn.com
Sharon B. Rosenberg
srosenberg@thompsoncoburn.com
One US Bank Plaza
St. Louis, Missouri 63101
(314) 552-6000
(314) 552-7000 (fax)

*Attorneys for FCA US LLC*

## <u>TABLE OF CONTENTS</u>

**<u>Page</u>**

I.   INTRODUCTION ........................................................................................................... 1

II.   RELEVANT FACTS .................................................................................................... 2

III.   ARGUMENT ................................................................................................................ 2

      A.      Hromowyk's Claim Is Time-Barred ................................................................ 2

            1.      The Law of the Case Doctrine. ........................................................... 2

            2.      The "Time of Sale" Claim. .................................................................. 3

            3.      The Post-Sale Claims. ......................................................................... 6

      B.      No Competent Evidence Of Causation/Injury ................................................ 7

      C.      "Materially Misleading" Conduct. ................................................................... 9

IV.   CONCLUSION .............................................................................................................. 9

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*131 Maine St. Assocs. v. Manko*, 54 Fed. Appx. 507 (2d Cir. 2002)................................3

*American Pipe & Construction Co. v. Utah*, 414 U.S. 538 (1974) ................................6

*Bank Leumi USA v. Ehrlich*, 98 F. Supp. 3d 637 (S.D.N.Y. 2015) ................................2

*Cada v. Baxter Healthcare Corp.*, 9120 F.2d 446 (7th Cir. 1990) ................................4

*Clark v. Dematic Corp.*, 2014 WL 6387166 (N.D.N.Y. 2014) ........................................8

*Colvin v. Keen*, 900 F.3d 63 (2d Cir. 2018)................................................................2

*F.D.I.C. v. Stahl*, 89 F.3d 1510 (11th Cir. 1996) ........................................................2

*Floyd v. New York City Dep't of Educ.*, 2014 WL 171156 (S.D.N.Y. 2014)................................6

*Frank v. DaimlerChrysler Corp.*, 292 A.D.2d 118, 741 N.Y.S.2d 9 (2002)........................7

*Galberth v. Washington*, 2016 WL 1255738 (S.D.N.Y. 2016) ........................................5

*Graziano v. Target Corp.*, 2019 WL 1958019 (E.D.N.Y. 2019)........................................9

*Harriott v. Nationstar Mortg. LLC*, 2018 WL 4522102 (E.D.N.Y. 2018), *report & recommendation adopted*, 2018 WL 4853045 (E.D.N.Y. 2018)................................3

*Hoodack v. Int'l Bus. Machines, Inc.*, 202 F.Supp.2d 109 (S.D.N.Y. 2002)........................3

*In re Brizinova*, 588 B.R. 311 (Bank. E.D.N.Y. 2018)................................................2

*In re Gen. Motors LLC Ignition Switch Litig.*, 257 F.Supp.3d 372 (S.D.N.Y. 2017)....................8

*Kommer v. Ford Motor Co.*, 2017 WL 3251598 (N.D.N.Y. 2017)........................................4

*Malhotra v. Equitable Life Assur. Soc'y of U.S.*, 364 F.Supp.2d 299 (E.D.N.Y. 2005) ................................................................7

*MB by RRB v. Islip School District*, 2017 WL 1325367 (E.D.N.Y. 2017)........................2

*Mejia v. Roma Cleaning, Inc.*, 751 Fed. Appx. 134 (2d Cir. 2018)................................4

*RSL Commc'ns, PLC v. Bildirci*, 2009 WL 454136 (S.D.N.Y. 2009)................................2

*Santiago v. Fischer*, 2017 WL 9481023 (E.D.N.Y. June 7, 2017), *report & recommendation adopted*, 2017 WL 4349378 (E.D.N.Y. 2017)................................................6

*Sweener v. Saint-Gobain Performance Plastics Corp.*, 2018 WL 748742 (N.D.N.Y. 2018) ..............................................................................................................3

*Veltri v. Building Service 32B-J Pension Fund*, 393 F.3d 318 (2d Cir. 2004) ..............................4

*Wang v. Board of Immigration Appeals*, 508 F.3d 710 (2d Cir., 2007) ........................................5

*Zimmerman v. Poly Prep Country Day School*, 888 F.Supp.2d 317 (E.D.N.Y. 2012) ..................................................................................................................................4

**Statutes and Constitutional Provisions**

National Traffic and Motor Vehicle Safety Act ............................................................................7

New York's Unlawful and Deceptive Practices Act, Gen. Bus. Law § 349.......................1, 7, 8, 9

## I.  INTRODUCTION

Defendant FCA US LLC seeks summary judgment on the sole claim brought by Plaintiff Thomas Hromowyk for violation of New York's Unlawful and Deceptive Practices Act, Gen. Bus. Law § 349.  For purposes of its summary judgment motion, FCA US does *not* dispute that some tire valve stems that were found on Hromowyk's vehicle failed and needed replacement.  It does *not* dispute that Hromowyk was never told that the tire valve stems on his vehicle could wear out either due to corrosion of some other force.  And, for purposes of this motion, it does *not* dispute that it knew in 2009 that "AL2000 valve stems and nuts" are susceptible to corrosion.  All of these facts, which FCA US does not dispute for purposes of the current motion, are simply irrelevant to the bases for FCA US's motion.  Yet, in opposing summary judgment Hromowyk spends an inordinate amount of time discussing these purported facts, and he then submits an inordinate number of exhibits (*25* of them) in an effort to establish them.[1]

Hromowyk's tactic is clear:  divert the Court from the real issues by submitting volumes of irrelevant arguments and exhibits in the hope that the real issues/evidence will get lost in it, and will lead the Court to conclude that something in his opposition must warrant letting this case proceed to trial.  This Court should not countenance such diversionary tactics.  Summary judgment is justified here based on the minimal exhibits FCA US has submitted which consist entirely of 1) Hromowyk's own testimony, 2) records for repairs done to Hromowyk's vehicle which he verified at his deposition, and 3) a declaration from the third-party facility that performed repairs on Hromowyk's vehicle.  And, its grounds for summary judgment are straightforward, *i.e.,* statute of limitations, lack of causation/injury, and lack of materiality.  Nothing Hromowyk has submitted negate these grounds.

---

[1]*See* ECF # 292, Plaintiff's Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment ("Pl. Opp.").

## II. RELEVANT FACTS

In responding to FCA US's statement of facts, Hromowyk unequivocally admits that he "had no communication with FCA US or any of its authorized dealerships about the Grand Caravan's valve stems, TPMS units or corrosion before filing this lawsuit." ECF # 293 (Pl. SOF Response), p. 20, ¶ 38.

## III. ARGUMENT

### A. Hromowyk's Claim Is Time-Barred.

#### 1. The Law of the Case Doctrine.

Hromowyk's desperation to escape summary judgment is evident based on his lengthy first argument that "the law of the case doctrine" applies to FCA US's statute of limitations argument. *See* Pl. Opp., pp. 14-16, 18-19. The "law of the case" that Hromowyk relies on is this Court's Order denying dismissal at the pleading stage. *Id.* This argument is devoid of any merit.

The law of the case doctrine "is not a rule that bars courts from reconsidering prior rulings, but is rather a discretionary rule of practice that generally does not limit a court's power to reconsider an issue." *Colvin v. Keen*, 900 F.3d 63, 68 (2d Cir. 2018) (citation and internal punctuation omitted). And, because "of the divergent standard of review applicable to motions to dismiss and motions for summary judgment" the law of the case doctrine does not preclude a district court from considering the same issue at the summary judgment stage that it considered on a motion to dismiss. *MB by RRB v. Islip School District*, 2017 WL 1325367, *6 (E.D.N.Y. 2017); *see also Bank Leumi USA v. Ehrlich*, 98 F. Supp. 3d 637, 647 (S.D.N.Y. 2015); *RSL Commc'ns, PLC v. Bildirci*, 2009 WL 454136, *2 (S.D.N.Y. 2009). This is because the law of the case doctrine requires a "final judgment" and the denial of a motion to dismiss is not a final judgment. *See, e.g., F.D.I.C. v. Stahl*, 89 F.3d 1510, 1514 fn.7 (11th Cir. 1996); *In re Brizinova*, 588 B.R. 311, 324 (Bank. E.D.N.Y. 2018). The law of the case doctrine simply does not apply here. The ***evidence***

now before this Court, which it did not have at the time it ruled on the motion to dismiss, proves Hromowyk's claim is barred by limitations.[2]

### 2. The "Time of Sale" Claim.

There is no dispute here that 1) the applicable statute of limitations is three years, and 2) Hromowyk did not file his claim within three years of when he purchased his vehicle. And, Hromowyk has now twice admitted – first at deposition, and now in opposing summary judgment – that he had no post-sale contact of any nature with FCA US or any of its dealerships which was in any way related to the allegedly defective TPMS units or tire valve stems on his vehicle. *See* ECF # 293 (Pl. SOF Response), p. 20, ¶ 38; ECF #280-2 (Hromowyk Depo) pp. 84, 89-90, 173-74, 192. Thus, Hromowyk clearly recognizes that unless some exception to the limitations applies, his claim based on alleged omissions occurring at the time of sale is barred. The two exceptions he raises are "equitable tolling" and "relation back." The evidence proves neither apply here.

*Equitable Tolling:* Contrary to what Hromowyk argues, "equitable tolling" does not save him from the limitations bar. *See* Pl. Opp., pp. 16-19. In making this argument, Hromowyk does ***not*** dispute that equitable tolling requires "more than mere silence" by FCA US post-sale, and that he must show FCA US made some "later fraudulent misrepresentation" ***to him***. *See*, *generally*, Pl. Opp.; *see also Sweener v. Saint-Gobain Performance Plastics Corp.*, 2018 WL 748742, *4 (N.D.N.Y. 2018). Nor could he dispute this since "courts have held uniformly that fraudulent conduct ***beyond the nondisclosure itself*** is necessary to equitably toll the running of the statute of limitations." *Harriott v. Nationstar Mortg. LLC*, 2018 WL 4522102, *11 (E.D.N.Y. 2018), *report & recommendation adopted*, 2018 WL 4853045 (E.D.N.Y. 2018) (emphasis in original; citations

---

[2]Courts routinely grant summary judgment on statute of limitations grounds despite having denied a motion to dismiss on those same grounds. *See, e.g.*, *131 Maine St. Assocs. v. Manko*, 54 Fed. Appx. 507, 510 (2d Cir. 2002); *Hoodack v. Int'l Bus. Machines, Inc.*, 202 F.Supp.2d 109, 112, 116 (S.D.N.Y. 2002).

omitted); *see also Zimmerman v. Poly Prep Country Day School*, 888 F.Supp.2d 317, 333-34 (E.D.N.Y. 2012) ("Fraudulent concealment in the law of limitations … denotes efforts by the defendant—above and beyond the wrongdoing upon which the plaintiff's claim is founded—to prevent the plaintiff from suing in time" (*quoting Cada v. Baxter Healthcare Corp.*, 9120 F.2d 446, 451 (7th Cir. 1990)[3]).

In support of his equitable tolling argument Hromowyk does ***not*** cite to any post-sale conduct involving ***him*** that supports the notion FCA US did anything more than remain silent. Indeed, he proffers nothing other than random customer records purportedly reflecting that others (not him) were told there was no defect (Pl. Opp., p. 17), and a bald argument of a "misinformation campaign" (*id.* at p. 18), after which he simply reverts to his "law of the case arguments (*id.* at pp. 18-19). But, Hromowyk's claim must be adjudicated based on what FCA US did to ***him***, not others. *See, e.g., Kommer v. Ford Motor Co.*, 2017 WL 3251598, *2 fn.2. (N.D.N.Y. 2017) (finding named plaintiff could "not rely on the injuries or allegations relating to members of the proposed class to survive a motion to dismiss"). And, he cannot escape summary judgment by making bald arguments about a "misinformation campaign" when there is no evidence proffered to support it generally, let alone that he, personally, was subjected to it. *See, e.g., Mejia v. Roma Cleaning, Inc.*, 751 Fed. Appx. 134, 137 (2d Cir. 2018) ("At the summary judgment stage, a nonmoving party must offer some ***hard evidence*** showing that its version of the events is not wholly fanciful" (emphasis in original)).[4]

---

[3]As the district court noted in *Zimmerman*, the Second Circuit has cited the *Cada* equitable tolling analysis in its own opinions. *See Veltri v. Building Service 32B-J Pension Fund*, 393 F.3d 318, 323 (2d Cir. 2004).

[4]Hromowyk's bald argument that FCA US engaged in a "continued replacement of the same defective units with ones made from the same corrosion-prone alloys" means nothing since Hromowyk admits that he, personally, never even sought a single replacement from FCA US or any of its dealerships. *See* Pl. Opp., p. 17.

Hromowyk's failure to present any evidence that he was subjected to any post-sale fraudulent conduct makes his passing argument about having "demonstrated due diligence" irrelevant to the issues before this Court. *See* Pl. Opp., p. 18. Even if it were relevant (which it is not), the evidence actually shows that Hromowyk did ***not*** act diligently. Hromowyk is claiming that he first replaced a corroded tire valve stem in July 2015, but his diligence argument is based entirely on the "second" tire valve stem replacement done in 2017. *See* Pl. Opp., pp. 4, 18. Yet, he affirmatively states that at the time of the July 2015 replacement, he "inspected the other units and could see they were starting to corrode." *Id.* at 4. In other words, Hromowyk knew or should have known of the alleged defect in 2015, but he ***waited almost two more years*** before filing his claims. In several different contexts, courts have found that such a period negates the existence of "due diligence." *See, e.g., Wang v. Board of Immigration Appeals*, 508 F.3d 710, 715 (2d Cir., 2007) ("a petitioner who waits two years or longer to take steps to reopen a proceeding has failed to demonstrate due diligence"); *Galberth v. Washington*, 2016 WL 1255738, **10-11 (S.D.N.Y. 2016) (concluding plaintiff "did not exercise due diligence to identify" potentially liable defendants where he "waited more than two and one-half years after the alleged misconduct to file his Complaint").

*Relation Back:* Hromowyk argues about "relation back" only in the context of his contention that the "law of the case" doctrine applies to the current summary judgment motion. *See* Pl. Opp., pp. 15-16. And, of course, that doctrine simply has no application here. In any event, substantively, the "relation back" doctrine does not save Hromowyk from the limitations bar.

For purposes of its summary judgment motion, FCA US assumed that Hromowyk's claim "relates back" to the original filing of ***this case***, and argued that, despite this, the statute of limitations bars it. This is because, even giving Hromowyk the benefit of the September 8, 2014 filing date for this case, his claim was filed nearly five years after he purchased his vehicle which

was almost *two years after* the applicable three-year statute of limitations expired.   In his opposition, Hromowyk completely ignores this undeniable fact, choosing to argue only that this Court decided otherwise at the motion to dismiss stage and it cannot change that ruling now.   *See*, *generally*, Pl. Opp.   Hromowyk is, of course, wrong.   *See surpa.*   And, he has not even tried to distinguish the clear law establishing that the relation back doctrine cannot save his claim if it was barred even as of the September 8, 2014 filing of this case (which it was).   *See, e.g.*, *Floyd v. New York City Dep't of Educ.*, 2014 WL 171156, *7 (S.D.N.Y. 2014) ("Even assuming the … claims relate back to her earlier complaint and are entitled to that earlier filing date, they would still be time-barred because the initial complaint was filed . . . in excess of one year after" accrual).[5]

3.     **The Post-Sale Claims.**

"The Court's previous Memorandum-Decision and Orders stand for exactly what they say: Plaintiff has alleged two theories of causation for the injuries asserted based on pre- and post-sale conduct – not two distinct claims as Plaintiffs suggest in their papers on this Motion."   *See* ECF No. 256, p. 8.   This has been the consistent ruling of this Court.   Yet, Hromowyk *again* contends that he has "post-sale" claims that are not barred by limitations.   *See* Pl. Opp., pp. 19-20.   This Court correctly found he does not.   *See* ECF No. 256, p. 8.   Hromowyk cites no new facts, or case law, that support a different finding now.

In any event, even if a "post-sale concealment" claim did exist (which it does not), this would not save Hromowyk's claims from the statute of limitations bar.   The only "post-sale

---

[5]Hromowyk incorrectly argues in a footnote that, with or without relation back, his claim would be tolled by virtue of *American Pipe & Construction Co. v. Utah*, 414 U.S. 538 (1974).   Pl. Opp., p. 16, fn.7.   *American Pipe* tolling does not preserve claims like Hromowyk's that had already expired when the putative class action was filed.   "For an individual plaintiff to invoke American Pipe tolling, the Court must find … *the individual plaintiff's claim was timely when the putative class action was filed.*"   *Santiago v. Fischer*, 2017 WL 9481023, at *3 (E.D.N.Y. June 7, 2017), *report & recommendation adopted*, 2017 WL 4349378 (E.D.N.Y. 2017) (*citing* Newberg on Class Actions § 9:56 (5th ed. June 2017 update) (emphasis added)).

omission" that Hromowyk has ever even alleged is a "continuation" of the same at-time-of-sale omission.  If a plaintiff could avoid a statute of limitations defense by simply arguing that the same omission which occurred at the time of sale continued every day thereafter, the statute of limitations would never expire on any omission-based claim.  This is not the law.  *See, e.g,* *Malhotra v. Equitable Life Assur. Soc'y of U.S.*, 364 F.Supp.2d 299, 306 (E.D.N.Y. 2005) (holding in context of an omission claim that if an ongoing "failure to remedy the prior material omission is actionable," it "would eviscerate the three-year statute of limitations because a potential plaintiff would be able to revive a time-barred claim").[6]

Hromowyk's § 349 claim is barred by limitations.  Summary judgment should thus be entered in favor of FCA US.

## B.  No Competent Evidence Of Causation/Injury

FCA US argues that an independent basis for awarding it summary judgment arises out of Hromowyk's inability to prove causation/injury.  This argument is based entirely on the evidence which shows that the tire valve stems on Hromowyk's vehicle were replaced by a third-party repair facility before he observed any valve stem corrosion.  In other words, FCA US's argument is that even if one assumes that Hromowyk can present evidence that the tire valve stems on his vehicle corroded due to a defect, he cannot show that any tire valve stems ***installed by FCA US*** were the cause of that corrosion and any resulting injury.

---

[6]Hromowyk argues in a footnote that FCA US's alleged nondisclosure amounts to a violation of the National Traffic and Motor Vehicle Safety Act ("Safety Act").  *See* Pl. Opp., p. 18, fn.8.  Setting aside the fact that the statute Hromowyk cites to in his footnote has been repealed, the notion that FCA US is in violation of its reporting obligations under the Safety Act is both baseless and irrelevant to whether the statute of limitations for Hromowyk's claim should be tolled.  *See Frank v. DaimlerChrysler Corp.*, 292 A.D.2d 118, 128, 741 N.Y.S.2d 9 (2002) (indicating that where a consumer has a legitimate concern of a safety-related defect, his recourse is to petition the National Highway Traffic Safety Administration).

Hromowyk argues that because his expert found corrosion on the valve stems that he (Hromowyk) supplied to him this defeats FCA US's argument. *See* Pl. Opp., pp. 21-22. This argument would work only if Hromowyk had some evidence that the only tire valve stems in the world that corrode are those installed as original equipment on FCA US vehicles. He has presented no such evidence, and logic dictates that all metal tire valve stems, including those used as replacements by independent repair shops like the one that Hromowyk took his vehicle to, can corrode and need replacement. The fact that the third-party repair shop that worked on Hromowyk's vehicle can neither verify nor negate the validity of the "valve stems replaced" notation on its own repair order does not affect FCA US's right to summary judgment. It is Hromowyk who bears the burden to come forward with evidence that the tire valve stems that allegedly corroded on his vehicle are ones that FCA US supplied. *See, e.g., Clark v. Dematic Corp.*, 2014 WL 6387166, *2 (N.D.N.Y. 2014) ("To hold a defendant liable for designing or manufacturing a defective product, a plaintiff must ultimately prove that the defendant actually designed or manufactured the product"). He presents no such evidence at all.

Hromowyk's other argument – that he has an injury based on having paid too much for his vehicle at the point of sale regardless of whether he can ever prove that the valve stems that corroded were the ones supplied by FCA US – fares no better. Hromowyk cannot recover under § 349, regardless of whether his claim is for "overpayment" or repair costs, without proof that the alleged defect ***actually manifested*** in his vehicle. *In re Gen. Motors LLC Ignition Switch Litig*., 257 F.Supp.3d 372, 429 (S.D.N.Y. 2017). And, since he has no proof that the tire valve stems which did corrode on his vehicle were FCA US-supplied valve stems, he can prove no manifestation.

FCA US's argument is based on Hromowyk's inability to come forth with evidence which supports the critical causation/damage elements of his claim. Because he has failed to present

evidence of causation/injury, FCA US is entitled to summary judgment.  *See, e.g., Graziano v. Target Corp.*, 2019 WL 1958019,*5 fn.10 (E.D.N.Y. 2019) ("the court must grant summary judgment if the record contains no evidence establishing a genuine issue of material fact with respect to causation …" (citation and internal punctuation omitted)).

## C.    <u>"Materially Misleading" Conduct.</u>

Hromowyk does not deny (or try to reject) his prior admissions that he "expected" the repairs done to his vehicle would be needed at the mileage they were required.  *See* Pl. Opp., pp. 23-25.  He merely asks this Court to ignore these admissions because they are "subjective" only to him, and to decide his § 349 claim based on some objective "reasonable consumer" standard.  *Id.*  This, of course, acts as an admission that Hromowyk is not a "reasonable consumer," which, in turn, raises serious questions as to the typicality and adequacy requisites for class certification.  In any event, this Court should analyze and adjudicate Hromowyk's claim based on his own testimony about his own experience which clearly demonstrates that he did not believe the allegedly withheld information was material.

## IV.  <u>CONCLUSION</u>

For the reasons set forth herein and in opening motion, Defendant FCA US LLC respectfully requests that this Court enter judgment in its favor and against Plaintiff Thomas Hromowyk, award it the costs it has incurred herein, and grant it all other appropriate relief.

Dated:  October 28, 2019

Respectfully Submitted,

**COUGHLIN & GERHART, LLP**

By:  */s/ Alan J. Pope*
Alan J. Pope
Bar Enroll No. 301508
apope@cglawoffices.com
99 Corporate Drive
Binghamton, New York 13904
(607) 723-9511
(607) 723-1530 (fax)

**THOMPSON COBURN LLP**
Kathy A. Wisniewski
kwisniewski@thompsoncoburn.com
Stephen D'Aunoy
sdaunoy@thompsoncoburn.com
Thomas L. Azar, Jr.
tazar@thompsoncoburn.com
Sharon B. Rosenberg
srosenberg@thompsoncoburn.com
One US Bank Plaza
St. Louis, Missouri 63101
(314) 552-6000
(314) 552-7000 (fax)

*Attorneys for FCA US LLC*

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 28th day of October, 2019, a copy of FCA US LLC's Reply in Support of its Motion for Summary Judgment on Plaintiff Thomas Hromowyk's Individual Claim was electronically filed with the Clerk of the Court using the CM/ECF system which sent notification of such filing to all counsel of record.

By:  */s/ Alan J. Pope*