UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

ROBERT TOMASSINI, on behalf of
himself and all others similarly situated,

                              Plaintiff,

   vs.                                        3:14-CV-1226 (MAD/ML)

FCA US LLC,

                              Defendant.

---

**APPEARANCES:**                                **OF COUNSEL:**

**PARKER WAICHMAN LLP –**                       DANIEL C. CALVERT, ESQ.
**FL OFFICE**                                   JORDAN L. CHAIKIN, ESQ.
27300 Riverview Center Boulevard,
Suite 103
Bonita Springs, Florida 34134
Attorneys for Plaintiff

**LAW OFFICES OF ELMER**                        ELMER R. KEACH, III, ESQ.
**ROBERT KEACH, III, P.C.**
One Pine West Plaza – Suite 109
Albany, New York 12205
Attorneys for Plaintiff

**MIGLIACCIO & RATHOD LLP**                     JASON S. RATHOD, ESQ.
412 H Street NE, Suite 302                      NICHOLAS A. MIGLIACCIO, ESQ.
Washington, DC 20002
Attorneys for Plaintiff

**KANTROWITZ, GOLDHAMMER &**                    GARY S. GRAIFMAN, ESQ.
**GRAIFMAN, P.C.**                              JAY I. BRODY, ESQ.
747 Chestnut Ridge Road, Suite 200
Chestnut Ridge, New York 10977
Attorneys for Plaintiff

**WHITEFIELD BRYSON & MASON, LLP**              GARY E. MASON, ESQ.
5101 Wisconsin Avenue, NW
Suite 305
Washington, DC 20016
Attorneys for Plaintiff

1

| | |
|---|---|
| **COUGHLIN, GERHART LAW FIRM – BINGHAMTON OFFICE**<br>P.O. Box 2039<br>99 Corporate Drive<br>Binghamton, New York 13902-2039<br>Attorneys for Defendant | ALAN J. POPE, ESQ. |
| **THOMPSON, COBURN LAW FIRM – ST. LOUIS OFFICE**<br>One U.S. Bank Plaza<br>St. Louis, Missouri 63101<br>Attorneys for Defendant | KATHY A. WISNIEWSKI, ESQ.<br>SHARON B. ROSENBERG, ESQ.<br>STEPHEN A. D'AUNOY, ESQ.<br>THOMAS L. AZAR, JR., ESQ. |

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

## I. INTRODUCTION[1]

On September 8, 2014, Plaintiff Robert Tomassini commenced this putative class action in state court, and Defendant FCA US LLC removed to the Northern District of New York on October 8, 2014. *See* Dkt. No. 1. On January 25, 2018, Plaintiff Tomassini moved for class certification on his claim for deceptive business practices under New York General Business Law Section 349. *See* Dkt. Nos. 23, 194. The Court denied Plaintiff's motion. *See* Dkt. No. 228. Plaintiff Tomassini subsequently filed a motion for reconsideration or, in the alternative, to permit Thomas Hromowyk to intervene as an additional class representative. *See* Dkt. No. 230. The Court denied Plaintiff's motion to reconsider but allowed Plaintiff to amend the complaint to include Mr. Hromowyk. *See* Dkt. Nos. 237, 240. On January 9, 2019, Plaintiffs Tomassini and Hromowyk filed an amended complaint alleging violations under Section 349. *See* Dkt. No. 243. Defendant subsequently filed a motion to dismiss, which was denied by the Court. *See* Dkt. Nos. 250, 256. On September 27, 2019, Defendant filed a motion for sanctions and a motion for

---

[1] The Court assumes the parties' familiarity with the underlying facts in this case.

summary judgment as to Plaintiff Hromowyk's claim. *See* Dkt. Nos. 280, 281. The Court granted Defendant's motions for sanctions and summary judgment as to Plaintiff Hromowyk and he was terminated from this action. *See* Dkt. No. 309. In June 2020, Defendant moved for leave to deposit funds with the Court. *See* Dkt. No. 319. The Court denied Defendant's motion. *See* Dkt. No. 323. On August 17, 2020, Defendant filed a motion to remand this action to state court. *See* Dkt. No. 324. Soon thereafter, Plaintiff accepted Defendant's offer of judgment. *See* Dkt. No. 325. Currently before the Court is Plaintiff's motion for attorneys' fees and bill of costs. *See* Dkt. Nos. 338, 339.

## II. DISCUSSION

**A.     Motion for Attorneys' Fees**

"Like a typical settlement agreement, an accepted Rule 68 offer of judgment is a contract, and it must be interpreted according to ordinary contract principles." *Lilly v. City of N.Y.*, 934 F.3d 222, 235 (2d Cir. 2019). "Critically, '[i]f the terms of a contract are clear, courts must take care not to alter or go beyond the express terms of the agreement, or to impose obligations on the parties that are not mandated by the unambiguous terms of the agreement itself.'" *Id.* (quoting *Steiner v. Lewmar, Inc.*, 816 F.3d 26, 32 (2d Cir. 2016)). "A request for attorney's fees should not result in a second major litigation. Ideally, of course, litigants will settle the amount of a fee. Where settlement is not possible, the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

"Both [the Second Circuit] and the Supreme Court have held that the lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case— creates a 'presumptively reasonable fee.'" *Millea v. Metro-N. R. Co.*, 658 F.3d 154, 166 (2d Cir.

2011) (quoting *Arbor Hill Concerned Citizens Neighborhood Assoc. v. Cnty. of Albany*, 522 F.3d 182, 183 (2d Cir. 2008)) (other citation omitted); see also *Bergerson v. N.Y. State Office of Mental Health, Cent. N.Y. Psychiatric Ctr.*, 652 F.3d 277, 289 (2d Cir. 2011) (stating "[a]ttorneys' fees are awarded by determining a presumptively reasonable fee, reached by multiplying a reasonable hourly rate by the number of reasonably expended hours") (citing *Simmons v. N.Y. City Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009)).  "The lodestar figure should be in line with the rates prevailing in the community for similar services by attorneys of comparable skill, experience, and reputation." *Kapoor v. Rosenthal*, 269 F. Supp. 2d 408, 412 (S.D.N.Y. 2003) (citing *Hensley*, 461 U.S. at 433; *Luciano v. Olsten Corp.*, 109 F.3d 111, 115 (2d Cir. 1997)).

     In the Second Circuit, "'any attorney ... who applies for court-ordered compensation ... must document the application with contemporaneous time records ... specify[ing], for each attorney, the date, the hours expended, and the nature of the work done.'" *Marion S. Mishkin Law Office v. Lopalo*, 767 F.3d 144, 148 (2d Cir. 2014) (quoting *N.Y. State Ass'n for Retarded Child., Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983)). "The law is clear that in reviewing a fee application, the court 'should exclude excessive, redundant or otherwise unnecessary hours.'" *Siracuse v. Program for the Dev. of Human Potential*, No. 07 CV 2205, 2012 WL 1624291, *33 (E.D.N.Y. Apr. 30, 2012) (quoting *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999)). "The relevant inquiry for the Court 'is not whether hindsight vindicates an attorney's time expenditures, but whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures.'" *Genito v. Forster & Garbus LLP*, No. 6:15-CV-00954, 2016 WL 3748184, *2 (N.D.N.Y. July 11, 2016) (quoting *Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992)).

"In evaluating time sheets and expense records, some courts have dealt with the problem posed by excessive or redundant billing by simply subtracting the redundant hours from the amount of hours used to calculate the lodestar." *Siracuse*, 2012 WL 1624291, at *34 (citing *Fernandez v. N. Shore Orthopedic Surgery & Sports Med. P.C.*, No. 96 CV 4489, 2000 WL 130637, *6 (E.D.N.Y. Feb. 4, 2000); *Ruggiero v. Krzeminski*, 928 F.2d 558, 564 (2d Cir. 1991)). "Particularly where, as here, the billing records are voluminous, 'it is less important that judges attain exactitude, than that they use their experience with the case, as well as their experience with the practice of law, to assess the reasonableness of the hours spent.'" *Id.* (quoting *Amato v. City of Saratoga Springs*, 991 F. Supp. 62, 65 (N.D.N.Y. 1998) (citing *Clarke v. Frank*, 960 F.2d 1146, 1153 (2d Cir. 1992)). "Thus, '[i]n calculating the number of "reasonable hours," the court looks to "its own familiarity with the case ... and its experience generally as well as to the evidentiary submissions and arguments of the parties."'" *Id.* (quoting *Clarke*, 960 F.2d at 1153). "In excluding hours that were not reasonably expended, 'the court has discretion simply to deduct a reasonable percentage of the number of hours claimed 'as a practical means of trimming fat from a fee application.'" *Genito*, 2016 WL 3748184, at *2 (quoting *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998)) (other quotation omitted).

Here, Plaintiff's motion for attorneys' fees arises out of his acceptance of an offer of judgment. *See* Dkt. No. 325. The accepted offer of judgment provides the following:

> Pursuant to Rule 68 of the Federal Rules of Civil Procedure, Defendant FCA US LLC hereby offers to allow entry of judgment to be taken against it on the individual claim made by Robert Tomassini in the amount of Two Thousand Dollars ($2,000), plus 1) payment of taxable costs related to the prosecution of Tomassini's individual claim, and 2) reasonable attorney fees related to the prosecution of Tomassini's individual claim (only), as agreed to by the parties, or, in the absence of an agreement, as determined by the court.

5

Dkt. No. 325 at 3. The term "reasonable fee" is left undefined. Thus, the Court will rely upon the standards set forth above to determine whether Plaintiff's request is reasonable.

Initially, the Court notes that, despite the language of the offer of judgment, the parties seek antithetical outcomes on this motion. Plaintiff seeks a total of $151,525.56 in attorneys' fees and $14,027.84 in taxable costs. *See* Dkt. No. 338 at 1; Dkt. No. 340 at 15. Defendant argues that Plaintiff's motion for fees and costs should be denied in its entirety, or alternatively, that Plaintiff's counsel should be awarded no more than $2,000. *See* Dkt. No. 344 at 30.

Plaintiff's counsel seeks an hourly rate of $350 for partners, $200 for associates, and $100 for paralegals and law clerks. *See* Dkt. No. 340 at 5. Defendant did not object to Plaintiff's requested rate. *See* Dkt. No. 344 at 19 n.6. Accordingly, the Court finds that the requested rates, while high for this district, are reasonable in light of the work and experience of Plaintiff's counsel. However, Defendant objects to Plaintiff's calculation of the number of recoverable hours. *See generally* Dkt. No. 344. Defendant primarily argues that that Plaintiff's fee and cost requests are not related to his "individual claim (only)" as required by the offer of judgment. *See id.* Alternatively, Defendant argues that the fee request is substantively and procedurally flawed. *See id.* at 19-29.

The offer of judgment provides that Plaintiff's counsel may recover fees which relate to Plaintiff's "individual claim (only)." *See* Dkt. No. 325 at 6. Thus, Plaintiff's counsel may not recover fees for the hours that they dedicated to issues which either involved class claims or were intertwined with class issues. The Court has reviewed the billing records submitted by counsel and finds that some of the claimed hours relate to class issues, while others are unclear. The Court has attached to this decision two tables. One table details the fees charged for work that relates either solely to class issues or involves a combination of class and individual issues. The

6

other table details fees for which the Court does not have sufficient information to determine whether the work involved class issues.

As can be seen in the Court's table, there are a number of instances where Plaintiff's counsel bills for tasks that involve both individual and class issues. For example, there are numerous entries which relate to Plaintiff's motion to compel. Plaintiff's motion to compel sought production of "certain materials responsive to Plaintiff's discovery demands and *relevant to class certification*." *See* Dkt. No. 89 at 1 (emphasis added). Yet another example includes fee requests related to certain experts. Plaintiff's counsel requests compensation for time related to the report and testimony of David R. McLellan. Mr. McLellan's report is entitled "Expert Report of David R. McClellan In Connection With Plaintiff's Motion for Class Certification." *See* Dkt. No. 220-9 at 2. Indeed, Mr. McLellan was asked to opine about "whether stress corrosion cracking in valve stems used in the TPMS units of [the Class Vehicles] can pose a *common and class-wide safety risk* to owners and lessees of the Class Vehicles, their passengers, and other drivers on the road." *Id.* (emphasis added).

Additionally, Plaintiff has not provided sufficiently detailed information to demonstrate entitlement to recovery of fees for the hours listed in Table 2. Due to the insufficiency of the documentation, the Court is unable to determine whether the billing entries in Table 2 relate to individual or class issues. Thus, Plaintiff has not met his burden for recovery of fees for the hours listed in Table 2. *See Hensley*, 461 U.S. at 437 (noting that the plaintiff "bears the burden of establishing entitlement to an award").

Plaintiff's counsel billed a total of 777.65 hours for a lodestar total of $233,116.25. *See* Dkt. No. 340 at 5; Dkt. No. 341. In his motion, Plaintiff applied a 35% reduction to the hours, resulting in a modified lodestar of $151,252.56. *See* Dkt. No. 340 at 4. However, the Court finds

this reduction insufficient in light of the billing errors described above. Rather, a 46% reduction in hours is appropriate.[2] After a 46% reduction in hours, the modified lodestar total would be $125,882.78.

Plaintiff argues that Defendant's actions prolonged the litigation thereby justifying a greater fee award. *See* Dkt. No. 340 at 8-9. Based on the Court's familiarity with this action, the Court does not agree that the delay is attributable solely to Defendant. There were a number of discovery disputes and significant motions made in this action, some of which were decided in Plaintiff's favor while others were decided in Defendant's favor. While the Court agrees that this action was undoubtedly prolonged beyond what was necessary to litigate the merits, the Court finds that Plaintiff and Defendant share the responsibility for prolonging the litigation.

Defendant argues that Plaintiff's motion for attorneys' fees should also be denied on procedural grounds. Specifically, Defendant argues that Plaintiff failed to segregate awardable hours from non-awardable hours, failed to submit evidence that attorney billing records were made contemporaneously, that the motion for fees is untimely, and that Plaintiff failed to act in good faith in fulfilling his obligations under the contract. *See* Dkt. No. 344 at 27-31. The Court finds these arguments unpersuasive.

Although the Court ultimately found that some of the hours for which Plaintiff's counsel billed involved work on class claims, there is no indication that the inclusion of these hours was done in bad faith. Additionally, the hours that were excessive or unnecessary have been excluded from the hours calculation. As to the contemporaneousness of the billing records, Plaintiff's counsel has specifically affirmed that the records were contemporaneously recorded and were kept using the firms' ordinary timekeeping procedures. *See* Dkt. No. 341 at ¶ 4; Dkt. No. 341-1 at

---

[2] The sum of the hours flagged by the Court is 363.9. This constitutes 46.8% of the 775.65

¶ 20; Dkt. No. 341-2 at ¶ 9; Dkt. No. 341-3 at ¶ 3.  Finally, the Court does not construe Plaintiff's filing of the instant motion as a breach of his duty of good faith.  The offer of judgment provides that in the absence of an agreement, the question of attorneys' fees will be determined by the Court.  Although negotiations between the parties before filing this motion would have been the Court's preference, the Court will not go so far as finding that a failure to do so constitutes bad faith.

Defendant also argues that Plaintiff's motion for attorneys' fees is untimely because it was filed more than fourteen days after the entry of judgment and Plaintiff did not seek an extension of the deadline prior to its expiration.  *See* Dkt. No. 344 at 28.  In response, Plaintiff argues that the submission was timely in light of the Court's October 16, 2020, text order or, alternatively, that the Court should accept the late filing.  *See* Dkt. No. 348 at 4-5.

"Rule 54(d)(2)(B) states that '[u]nless otherwise provided by statute or order of the court, [a] motion [for attorneys' fees] must be filed and served no later than 14 days after entry of judgment.'" *Tancredi v. Metro. Life Ins. Co.*, 378 F.3d 220, 226 (2d Cir. 2004) (quoting Fed. R. Civ. P. 54(d)(2)(B)).  "According to Rule 6(b)(2), however, a district court may extend certain deadlines 'upon motion made after expiration of the specified period .... where the failure to act was the result of excusable neglect.'" *Id.* (quoting Fed. R. Civ. P. (6)(b)(2)).  The Second Circuit has held that "absent a statute or order of the court such as a local rule, the district court [is] required to find 'excusable neglect' under Rule 6(b)(2) to extend the time to move for attorneys' fees after the expiration of Rule 54's fourteen-day deadline." *Id.* at 227-28 (citing *Crue v. Aiken*, 370 F.3d 668, 680-81 (7th Cir. 2004)).  In determine whether a party's neglect is excusable, the Court must consider the following factors: "[1][t]he danger of prejudice to the [opposing party],

---

hours billed by Plaintiff's counsel.

[2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was in the reasonable control of the movant, and [4] whether the movant acted in good faith." *Id.* at 228 (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395, 113 S. Ct. 1489, 123 L.Ed.2d 74 (1993)).

Here, judgment was entered on September 16, 2020. *See* Dkt. No. 328. On October 16, 2020, the Court issued a text order setting the deadline for motions for attorneys' fees. *See* Dkt. No. 336. Plaintiff filed his motion on October 30, 2020. *See* Dkt. Nos. 338, 339. Because Plaintiff did not seek an extension prior to the expiration of the deadline to file his motion, the Court must determine whether his neglect is excusable.

First, the Court notes that the delay in filing was approximately thirty days. The delay did not impact the judicial proceeding in any meaningful way nor has Defendant argued that it was prejudiced by the delay. It appears that the delay occurred because the parties were engaged in settlement talks. Initially, the parties scheduled a settlement conference with the assigned magistrate judge. *See* Dkt. No. 329. Following the settlement conference, it became clear that settlement of this issue was unlikely to be achieved. *See* Dkt. No. 336. Soon thereafter, the Court, *sua sponte*, issued a text order requiring that any motions for attorneys' fees be filed on or before October 30, 2020. *See* Dkt. No. 337. Plaintiff filed his motion on October 30, 2020. *See* Dkt. Nos. 338, 339. Considering the reason for the delay, the Court finds that Plaintiff acted in good faith. Therefore, Plaintiff's neglect is excusable. Accordingly, Plaintiff's counsel is awarded $125,882.78 in attorneys' fees.

**B.     Motion for Bill of Costs**

Federal Rule of Civil Procedure 54(d)(1) provides that "costs other than attorney's fees should be allowed ... to the prevailing party unless the court directs otherwise." *Sacco v. Daimler*

*Chrysler Corp.*, No. 05-CV-1435, 2008 WL 2858652, *1 (N.D.N.Y. July 22, 2008) (quoting Fed. R. Civ. P. 54(d)(1)).  The costs that may be awarded to a prevailing party are listed in 28 U.S.C. § 1920.  *See Gallagher v. IBEW Loc. Union No. 43*, No. 5:00-CV-1161, 2008 WL 5191691, *1 (N.D.N.Y. Dec. 10, 2008).  Section 1920 provides as follows:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1928 of this title.

*Id.* (quoting 28 U.S.C. § 1920).

Awarding costs to the prevailing party is the rule, not the exception, in civil litigation.  *See Whitfield v. Scully*, 241 F.3d 264, 270 (2d Cir. 2001) (citing Fed. R. Civ. P. 54(d); *Mercy v. County of Suffolk*, 748 F.2d 52, 54 (2d Cir. 1984)), *abrogated on other grounds Bruce v. Samuels*, 577 U.S. 82 (2016).  Accordingly, "the losing party has the burden to show that costs should not be imposed; for example, costs may be denied because of misconduct by the prevailing party, the public importance of the case, the difficulty of the issues, or the losing party's limited financial resources."  *Id.*

Here, Plaintiff filed a bill of costs in the amount of $14,027.84. *See* Dkt. No. 338 at 1. Plaintiff asserts that the entire bill is for fees for printed or electronically recorded transcripts. *See id.* Defendant argues that the bill of costs should be rejected because Plaintiff has not demonstrated that the receipts submitted relate to the prosecution of his individual claim only. *See* Dkt. No. 344 at 30. Rather, Defendant argues, Plaintiff seeks compensation for transcripts of witnesses related to class issues. *See id.* Plaintiff has not responded to Defendant's objections. *See* Dkt. No. 348.

The offer of judgment provides that Defendant will pay "taxable costs related to the prosecution of Tomassini's individual claim." *See* Dkt. No. 325 at 3. For the same reasons that the Court detailed above, Plaintiff may not recover costs which involve class issues. The Court has reviewed Plaintiff's bill of costs and finds that some of the costs incurred involve class issues. For example, Plaintiff requests costs associated with the taking of a deposition of Gregory Pinsonneault. *See* Dkt. No. 338 at 3. Mr. Pinsonneault's expert report indicates that he was asked to "opine on whether damages can be measured on a class-wide basis." *See* Dkt. No. 220-3 at 7. Plaintiff also seeks compensation for the costs associated with taking the depositions of Richard Lynch and Mr. McLellan. *See* Dkt. No. 338 at 4-5. Both Mr. Lynch and Mr. McLellan were asked to opine about whether there was a class-wide materials defect. *See* Dkt. No. 220-4 at 4; Dkt. No. 220-9 at 2. Therefore, Plaintiff may not recover the $3,878.35 in costs associated with the depositions of Mr. Pinsonneault, Mr. Lynch, and Mr. McLellan.

Additionally, Plaintiff's bill of costs includes requests for costs associated with the depositions of numerous non-party witnesses. *See* Dkt. No. 338 at 8-9, 11-12. Plaintiff has not provided any information about who these witnesses are or the topics of their testimony, leaving the Court unable to determine whether their testimony involves class issues. Due to the

12

insufficiency of the submission, Plaintiff's requested taxable costs must be further reduced by $5,452.19. Accordingly, Plaintiff is entitled to an award of costs in the amount of $4,699.30.

### III. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiff's motion for attorneys' fees (Dkt. No. 339) is **GRANTED in part and DENIED in part**; and the Court further

**ORDERS** that Plaintiff is awarded $125,882.78 in attorneys' fees; and the Court further

**ORDERS** that Plaintiff's motion to tax costs (Dkt. No. 338) is **GRANTED in part and DENIED in part**; and the Court further

**ORDERS** that Plaintiff is awarded $4,699.30 in taxable costs; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: March 26, 2021
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge

**Table 1: Entries Involving Class Issues**

| Name | Date | Description | Duration | Attorney Rate |
|---|---|---|---|---|
| Daniel Calvert | 6/6/2016 | Redlining & circulating Motion to Compel | .8 | $275 |
| | 2/23/2017 | Researching & preparing Motion to Compel | 5.6 | $275 |
| | 2/24/2017 | Researching, preparing, circulating Motion to Compel draft | 1.5 | $275 |
| | 2/26/2017 | Researching, preparing, revising motion to compel draft | .2 | $275 |
| | 2/28/2017 | Reviewing MTC draft; [] emails w/ counsel re MTC | 1.4 | $275 |
| | 3/1/2017 | Reviewing MTC draft, notes from M&C; emails w/ co-counsel re MTC extension, search logic, custodians | .5 | $275 |
| | 3/6/2017 | Reviewing call agenda, MTC draft, M&C notes; planning re outstanding issues | 2.2 | $275 |
| | 5/2/2017 | Reviewing & revising MTC draft; emails w/ co-counsel re MTC plans, redactions, ESI protocol | 1.9 | $275 |
| Elmer Robert Keach, III | 3/11/2016 | [R]eview and revise motion to compel discovery (3.1), research on class member discovery, review of past cases (1.0), finalize lengthy ECF filing for motion to compel, compiled exhibits, converted documents to .pdf, uploaded to ECF system (1.0) | 5.10 | $350 |
| | 3/25/2016 | [R]eview and revise letter to Court in response to motion to compel, finalized and filed on ECF system | 1.00 | $350 |
| | 3/30/2016 | Attendance at argument on motion to compel before Judge Peebles in Syracuse (1.2), meeting of all counsel afterward (1.0) | 2.20 | $350 |
| | 5/19/2016 | [R]eview and revise letter in opposition to request for | 1.10 | $350 |

|  |  |  |  |  |
|---|---|---|---|---|
|  |  | protective order (.8), finalize and file letter on ECF system (.3) |  |  |
|  | 6/02/2016 | [M]eeting with co-counsel prior to hearing on motions, attendance at motion hearing | 2.90 | $350 |
|  | 6/08/2016 | [P]articipate in telephone conference with Judge Peebles | .40 | $350 |
|  | 6/17/2016 | [R]eview and revise summary judgment papers (1.5), compile extensive exhibits (2.5), finalize and file response to [summary judgment] on [ECF] system (.4), review and revise response to motion to preclude class members (1.0), compile exhibits (.5), finalize and file on [ECF] system (.5) | 6.40 | $350 |
| Gary E. Mason | 8/18/2014 | Revise & revise complaint; mtg. NAM | 1.0 | $350 |
|  | 5/06/2016 | Review & revise motion to compel; review motion for protective order | 2.0 | $350 |
| Jennifer S. Goldstein | 7/15/2014 | Draft Chrysler TPMS Complaint | 7.60 | $200 |
|  | 7/16/2014 | Draft Chrysler TPMS Complaint | 4.00 | $200 |
|  | 7/17/2017 | Draft Chrysler TPMS Complaint | 5.50 | $200 |
|  | 7/18/2014 | Draft Chrysler TPMS Complaint | 9.25 | $200 |
|  | 7/21/2014 | Draft Chrysler TPMS Complaint | 7.00 | $200 |
|  | 7/22/2014 | Draft Chrysler TPMS Complaint | 7.00 | $200 |
|  | 3/09/2016 | Reviewed pertinent documents related to defendant's expected motion to compel & plaintiff's pending motion to compel | 3.50 | $200 |
|  | 3/10/2016 | Review hot documents, interrogatories, requests for production, responses, and discovery dispute letters in preparation for response to defendant's motion to compel | 3.50 | $200 |
|  | 3/11/2016 | Edited plaintiff's motion to | 2.25 | $200 |

15

| | | | | |
|---|---|---|---|---|
| | | compel | | |
| | 4/26/2016 | Editing motion to compel | 1.00 | $200 |
| | 5/06/2016 | Edited draft of motion to compel | 3.00 | $200 |
| | 6/01/2016 | Prep for hearing on motion to stay, motion for protective order, and motion to compel | 1.25 | $200 |
| | 2/10/2017 | Meet & confer with opposing counsel regarding search terms, intended deponents, etc. for potential motion to compel | 1.00 | $200 |
| | 2/13/2017 | Reviewed letter to court adjourning motion to compel | .25 | $200 |
| | 7/21/2017 | Call with McLellan to prep him for deposition | .75 | $200 |
| | 7/26/2017 | Prep & travel to deposition of David McLellan | 12.50 | $200 |
| | 7/27/2017 | Deposition of David McLellan | 17.50 | $200 |
| Martha B. Schneider | 8/06/2014 | Review & edit complaint | 1.00 | $200 |
| Monica C. DiCocco | 8/08/2014 | Edit draft complaint & incorporate CAS/MBS edits | 2.0 | $100 |
| Nicholas A. Migliaccio | 4/01/2014 | Research causes of action and email re same | 3.00 | $325 |
| | 6/20/2014 | Research & work on Complaint | 4.00 | $325 |
| | 6/26/2014 | Ems. & research; work on Complaint | 1.50 | $325 |
| | 7/21/2014 | Review draft complaint; cf. Jeff Stewart | 1.50 | $325 |
| | 7/30/2014 | Review complaint | 1.50 | $325 |
| | 7/31/2014 | Work on draft complaint | 4.00 | $325 |
| | 8/01/2014 | Finalize draft complaint; Em. Same to client & co-counsel | 3.50 | $325 |
| | 8/08/2014 | Revise complaint; Ems. re same; Cf. SB re same | 2.50 | $325 |
| | 8/11/2014 | Revise complaint; Ems. re same | 3.75 | $325 |
| | 8/12/2014 | Review & revise complaint; Ems. re same; cf. call re same; calls re TPMS units in junkyard | 2.50 | $325 |
| | 8/28/2014 | Work on complaint | 4.00 | $325 |
| | 8/29/2014 | Finalize complaint | 6.50 | $325 |
| | 10/22/2014 | Call to D. McLellan re testing; cf. MCD re same | 1.75 | $325 |

16

|   | 2/13/2016 | Identify discovery deficiencies and draft correspondence re same | 1.3 | $350 |
|---|---|---|---|---|
|   | 2/15/2016 | Cf. experts E. Sullivan, D. McLellan and R. Lynch re reports; review same | 4.4 | $350 |
|   | 2/15/2016 | Review revise letter request | .30 | $350 |
|   | 2/24/2016 | Review and cf. with experts Lynch, McLellan and Sullivan re reports | 2.5 | $350 |
|   | 2/25/2016 | Finalize and serve expert reports | 1.8 | $350 |
|   | 3/07/2016 | Research MTC issues; review J. Brody brief on privacy issues re inspection | 2.5 | $350 |
|   | 3/09/2016 | Draft and revise motion to compel | 3.4 | $350 |
|   | 3/09/2016 | Research for MTC; review D's letter re discovery | 2.8 | $350 |
|   | 3/10/2016 | Revise motion to compel | 4.3 | $350 |
|   | 3/10/2016 | Work on motion to compel | 2.4 | $350 |
|   | 3/11/2016 | Work on MTC; exhibits, proofing | 3.8 | $350 |
|   | 3/11/2016 | Finalize motion to compel | 3.3 | $350 |
|   | 3/29/2016 | Prep for motion to compel argument | 2.7 | $350 |
|   | 3/30/2016 | Motion to compel argument before J. Peebles and prep for same | 1.8 | $350 |
|   | 3/31/2016 | Review Judge Peebles order on motion to compel | .60 | $350 |
|   | 4/18/2016 | Draft letter to Court re adjournments; conf with op counsel | 1.5 | $350 |
|   | 4/20/2016 | Call with McLellan; review discovery documents for call | 1.6 | $350 |
|   | 5/06/2016 | Work on motion to compel | 3.6 | $350 |
|   | 5/16/2016 | Cf. Experts Lynch, Sullivan re rebuttal reports | .50 | $350 |
|   | 5/19/2016 | Review motion to stay; and opp plaintiff's motion to compel | 1.3 | $350 |
|   | 5/22/2016 | Review and comment Sullivan and Lynch expert reports | 2.5 | $350 |
|   | 5/23/2016 | Review and finalize Sullivan and Lynch expert reports | 3.10 | $350 |

|  | 5/24/2016 | Review Chrysler motion to stay; review Chrysler opp MTC; reply iso protective order | 1.8 | $350 |
|---|---|---|---|---|
|  | 7/26/2017 | Prep for McLellan dep | 6.2 | $350 |
|  | 7/27/2017 | Defend McLellan dep | 7.2 | $350 |

**Table 2: Ambiguous Entries**

| Name | Date | Description | Duration | Attorney Rate |
|---|---|---|---|---|
| Daniel Calvert | 6/28/2017 | Reviewing, file updates re relevant Conti docs, depo prep assistance | .3 | $275 |
| Elmer Robert Keach, III | 4/11/2016 | [D]ocument review in preparation for deposition of Jim Ryan and other deponents (5.0), compile exhibits in preparation for deposition (1.5) | 6.5 | $350 |
| | 4/12/2016 | [P]reparation for deposition, review of documents (2.0), conduct deposition of Jim Ryan in Detroit (4.1), preparation for Rudnitsky and Shulke depositions, review documents, compile deposition of Gerald Shulke (3.5) | 9.1 | $350 |
| | 4/13/2016 | [P]reparation for depositions (1.0), conducted deposition of Myron Rudnitsky (3.0), conducted deposition of Gerald Shulke (3.5) | 7.5 | $350 |
| | 5/10/2017 | [D]ocument review and preparation for Plantiga Deposition | 2.0 | $350 |
| | 5/11/2017 | [B]reakfast meeting with co-counsel to discuss deposition (.5), preparation (1.0), conducted deposition of Paul Plantiga (7.0) | 8.5 | $350 |
| Nicholas A. Migliaccio | 6/23/2014 | Factual & legal research; cf. SB, GEM | 3.5 | $325 |
| | 6/24/2014 | Research causes of action | 2.0 | $325 |
| | 10/23/2014 | Ems. To & from experts; call with Graifman; factual research | 2.25 | $325 |
| | 1/28/2016 | Review expert reports and expert materials and draft email to experts | 2.0 | $350 |
| | 2/13/2016 | Review and cf. with experts re expert reports | 3.3 | $350 |
| | 4/11/2016 | Review Continental production; work on 30b6; emails with co-counsel re same; assembly docs | 2.5 | $350 |

| | | | | |
|---|---|---|---|---|
| | | for Shulke, Rudnitsky, Ryan depos | | |
| | 4/12/2016 | J. Ryan Depot; prep for same including by assembling documents | 3.4 | $350 |
| | 4/13/2016 | Myron Rudnitsky and Gerald Shulke depos; prep for same by assembling documents; assist Keach | 7.8 | $350 |
| | 5/11/2016 | EMs to experts re reports; EMs re scheduling; assemble hot documents for experts | 1.5 | $350 |
| | 5/20/2016 | EMs and call withs experts; review Chrysler opp extension; review draft expert reports | 3.0 | $350 |
| | 5/07/2017 | Review documents and prep for Malski deposition | 6.2 | $350 |
| | 5/08/2017 | Review docs and prep for Detroit deps | 4.8 | $350 |
| | 5/09/2017 | Prep for Malski, Liepa, Plantinga deps; review docs | 6.2 | $350 |
| | 5/10/2017 | Prep for Liepa and Malski dep; review docs; Malski dep; review docs for Plantinga dep | 8.1 | $350 |
| | 5/11/2017 | Prep for Plaintinga dep; review docs | 5.2 | $350 |
| | 5/22/2017 | EMs re discovery issues; revise letter to J. Peebles; draft expert supplementation; | 1.7 | $350 |
| | 6/26/2017 | Review Continental docs to prep for Gutierrez dep | 6.8 | $350 |
| | 6/27/2017 | Prep and take Gutierrez dep | 7.2 | $350 |
| Jason Rathod | 5/07/2017 | Review documents in preparation for Liepa Deposition | 3.5 | $350 |
| | 5/08/2017 | Review documents in preparation for Liepa deposition | 5.0 | $350 |
| | 5/09/2017 | Prepare outline and exhibits for Liepa deposition | 6.0 | $350 |
| | 5/10/2017 | Prepare and take Liepa deposition | 4.8 | $350 |