UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

ROBERT TOMASSINI, on behalf of
himself and all others similarly situated,

                                                     **Plaintiff,**

    vs.

                                                  3:14-CV-1226
                                                  (MAD/ML)

FCA US LLC,

                                     **Defendant.**

---

**APPEARANCES:**                                 **OF COUNSEL:**

**PARKER WAICHMAN LLP**            **DANIEL C. CALVERT, ESQ.**
27300 Riverview Center Boulevard, Suite 103     **JORDAN L. CHAIKIN, ESQ.**
Bonita Springs, Florida 34134
Attorneys for Plaintiff

**LAW OFFICES OF ELMER**            **ELMER R. KEACH, III, ESQ.**
**ROBERT KEACH, III, P.C.**
One Pine West Plaza, Suite 109
Albany, New York 12205
Attorneys for Plaintiff

**MIGLIACCIO & RATHOD LLP**           **JASON S. RATHOD, ESQ.**
412 H Street NE, Suite 302                    **NICHOLAS A. MIGLIACCIO, ESQ.**
Washington, District of Columbia 20002
Attorneys for Plaintiff

**KANTROWITZ, GOLDHAMMER &**        **GARY S. GRAIFMAN, ESQ.**
**GRAIFMAN, P.C.**                                   **JAY I. BRODY, ESQ.**
747 Chestnut Ridge Road, Suite 200
Chestnut Ridge, New York 10977
Attorneys for Plaintiff

**WHITEFIELD BRYSON & MASON, LLP**    **GARY E. MASON, ESQ.**
5101 Wisconsin Avenue, NW, Suite 305
Washington, DC 20016
Attorneys for Plaintiff

1

| | |
|---|---|
| **COUGHLIN, GERHART LAW FIRM** | **ALAN J. POPE, ESQ.** |
| P.O. Box 2039 | |
| 99 Corporate Drive | |
| Binghamton, New York 13902-2039 | |
| Attorneys for Defendant | |
| | |
| **THOMPSON, COBURN LAW FIRM** | **KATHY A. WISNIEWSKI, ESQ.** |
| One U.S. Bank Plaza | **SHARON B. ROSENBERG, ESQ.** |
| St. Louis, Missouri 63101 | **STEPHEN A. D'AUNOY, ESQ.** |
| Attorneys for Defendant | **THOMAS L. AZAR, JR., ESQ.** |

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION[1]

On September 8, 2014, Plaintiff Robert Tomassini commenced this putative class action in state court, and Defendant FCA US LLC removed to the Northern District of New York on October 8, 2014. *See* Dkt. No. 1. On January 25, 2018, Plaintiff Tomassini moved for class certification on his claim for deceptive business practices under New York General Business Law Section 349. *See* Dkt. Nos. 23, 194. The Court denied Plaintiff's motion. *See* Dkt. No. 228. Plaintiff Tomassini subsequently filed a motion for reconsideration or, in the alternative, to permit Thomas Hromowyk to intervene as an additional class representative. *See* Dkt. No. 230. The Court denied Plaintiff's motion to reconsider but allowed Plaintiff to amend the complaint to include Mr. Hromowyk. *See* Dkt. Nos. 237, 240. On January 9, 2019, Plaintiffs Tomassini and Hromowyk filed an amended complaint alleging violations under Section 349. *See* Dkt. No. 243. Defendant subsequently filed a motion to dismiss, which was denied by the Court. *See* Dkt. Nos. 250, 256. On September 27, 2019, Defendant filed a motion for sanctions and a motion for summary judgment as to Plaintiff Hromowyk's claim. *See* Dkt. Nos. 280, 281. The Court granted

---

[1] The Court assumes the parties' familiarity with the underlying facts in this case.

Defendant's motions for sanctions and summary judgment as to Plaintiff Hromowyk and he was terminated from this action. *See* Dkt. No. 309. In June 2020, Defendant moved for leave to deposit funds with the Court. *See* Dkt. No. 319. The Court denied Defendant's motion. *See* Dkt. No. 323.

On August 17, 2020, Defendant filed a motion to remand this action to state court. *See* Dkt. No. 324. Soon thereafter, Plaintiff accepted Defendant's offer of judgment. *See* Dkt. No. 325. On October 30, 2020, Plaintiff filed a motion for attorneys' fees and bill of costs. *See* Dkt. Nos. 338, 339. On March 26, 2021, the Court awarded Plaintiff $125,882.78 in attorneys' fees and $4,699.30 in taxable costs. Dkt. No. 354. Currently before the Court is Defendant's motion to reconsider. As set forth below, Defendant's motion is denied.

## II. DISCUSSION

**A.     Defendant's Motion to Reconsider**

Motions for reconsideration proceed in the Northern District of New York under Local Rule 7.1(g). "In order to prevail on a motion for reconsideration, the movant must satisfy stringent requirements." *In re C-TC 9th Ave. P'ship v. Norton Co.*, 182 B.R. 1, 2 (N.D.N.Y. 1995). Such motions "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). The prevailing rule "recognizes only three possible grounds upon which motions for reconsideration may be granted; they are (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice." *In re C-TC 9th Ave. P'ship*, 182 B.R. at 3 (citation

omitted). "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader*, 70 F.3d at 257.

Here, there is no intervening change in controlling law, nor is there new evidence not previously available. Therefore, Defendant's motion for reconsideration is seeking to prevent manifest injustice. Defendant asserts that the Court erred by cutting Plaintiff's fees across the board by forty-six percent, improperly calculated the total fee award, and failing to exclude recovery of unsuccessful claims. Dkt. No. 355-1 at 4-11. However, Defendant's motion to reconsider merely attempts to reargue issues before the Court and, as set forth below, is denied.

Foremost, contrary to Defendant's assertions, the Court excluded hours that Plaintiff expended relating to his class claims. Dkt. No. 354 at 7-8 ("Due to the insufficiency of the documentation, the Court is unable to determine whether the billing entries in Table 2 relate to individual or class issues. Thus, Plaintiff has not met his burden for recovery of fees for the hours listed in Table 2. ... Plaintiff's counsel billed a total of 777.65 hours for a lodestar total of $233,116.25. ... However, the Court finds this reduction insufficient in light of the billing errors described above. Rather, a 46% reduction in hours is appropriate"). While Defendant objects to the Court's use of an across-the-board reduction, such a reduction was well within the Court's discretion and was certainly appropriate in light of Plaintiff's pleading deficiencies. *See Genito v. Forster & Garbus LLP*, No. 6:15CV00954, 2016 WL 3748184, *2 (N.D.N.Y. July 11, 2016) ("The Court finds that a 25% reduction in the total billing is appropriate and results in a reasonable number of hours for the litigation involved in this case"); *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998) ("In light of Kirsch's submissions, we see no abuse of discretion in the adjustment of the rate to be paid for Wisehart's time or as to the 20% reduction for vagueness, inconsistencies, and other deficiencies in the billing records"); *Mason Tenders Dist. Council*

*Welfare Fund v. LJC Dismantling Corp.*, No. 17-CV-4493, 2020 WL 9600111, *8 (S.D.N.Y. Dec. 14, 2020) ("The records provided by Plaintiffs, however, simply do not account for the number of hours billed for each audit.  Such records are particularly necessary given the apparent disparity in the total number of hours billed for the audits in this case compared to audits of similar periods in other cases.  Accordingly, I find the requested audit costs of $78,586.16 to be unreasonable.  In recognition of the aforementioned issues, the Court applies a twenty percent reduction to the total amount billed for each audit").

Finally, Defendant's assertion that the Court improperly applied its decision to the fees requested is also incorrect.  Defendant acknowledges that Plaintiff had requested $233,116.25 in attorneys' fees.  Dkt. No. 355-1 at 6.  However, Defendant then reduces Plaintiff's claim by $111,413.75 in fees for excessive billing and billing for unsuccessful claims.  Defendant then reduced Plaintiff's recovery again by the forty-six percent the Court determined was necessary for Plaintiff's billing practices and for claims that related to Plaintiff's class action claims.  *See id*.  Defendant's math demonstrates a complete misunderstanding how an across-the-board reduction works.  The Court determined that based on Plaintiff's records, forty-six percent of its hours were not appropriate and therefore needed to be excluded, because they were excessive, vague, or related to unsuccessful claims.  *See* Dkt. No. 354 at 7-9.  The Court does an across-the-board reduction in lieu of an hour-by-hour analysis.  *See Kirsch*, 148 F.3d at 173 ("Hours that are 'excessive, redundant, or otherwise unnecessary,' are to be excluded, . . . and in dealing with such surplusage, the court has discretion simply to deduct a reasonable percentage of the number of hours claimed 'as a practical means of trimming fat from a fee application'") (internal citations omitted).  Reducing Plaintiff's Counsel's hours individually and then across the board would be duplicative.

Defendant's remaining arguments merely attempt to relitigate issues already rejected by the Court. Defendant asserts that the Court must grant its motion to reconsider because it failed to articulate why Plaintiff could recover such a large sum of attorneys' fees when Plaintiff was only awarded $2,000. Dkt. No. 355-1 at 7. The Court, however, acknowledged Defendant's argument but determined that $125,882.78 was a reasonable fee amount and noted the significant delays extending the time of litigation. Dkt. No. 354 at 6, 7-9, 12-13. Further, with Section 349 claims, an award of attorneys' fees need not be proportional. *See Barkley v. Olympia Mortg. Co.*, 557 Fed. Appx. 22, 27 (2d Cir. 2014) ("While 'New York courts have stated that, as a general rule, they will rarely find reasonable an award to a plaintiff that exceeds the amount involved in the litigation,' ... attorney's fees awarded under GBL § 349 need not be proportional") (internal and other citations omitted).

Defendant also asserts that the Court's award failed to consider Plaintiff's lack of success compared to all that he sought to accomplish. Dkt. No. 355-1 at 7. However, the Court did so by excluding recovery for Plaintiff's unsuccessful class action claims. *See Barfield v. New York City Health & Hosps. Corp.*, 537 F.3d 132, 153 (2d Cir. 2008) ("In this respect the district court got it exactly right: the reasonableness of the attorney's fees incurred linked directly to the ability to maintain the case as an FLSA collective action. Accordingly, we identify no abuse of discretion in its decision to reduce the fee for the success in pursuing Barfield's claim by itself to $49,889").

Defendant's motion to reconsider has failed to present controlling decisions or data that the Court overlooked resulting in a manifest injustice. Thus, Defendant's motion for reconsideration is denied.

### III. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Defendant's Motion for Reconsideration (Dkt. No. 355) is **DENIED**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: October 15, 2021
       Albany, New York

Mae A. D'Agostino
U.S. District Judge